■ In the Matter of KENNETH HANSEN, Petitioner, v. THEODORE A. KELLY, as County Judge, Rockland County, Respondent.— This is a proceeding pursuant to article 78 of the CPLR to compel the arraignment of petitioner as the defendant in a certain criminal case to be held in private. That case is pending in the County Court, Rockland County. Petitioner was indicted therein for murder and other related crimes. By order of this court dated June 23, 1971,

made upon motion of the respondent County Judge to dismiss the petition for insufficiency, (1) the matter was remanded to respondent for a hearing, on the ground that the record was insufficient upon which to predicate a determination whether the public interests would be detrimentally affected by granting petitioner's application, and (2) respondent's motion was directed to be held in abeyance pending the conclusion of the hearing (*Matter of Hansen* v. *Kelly,* 37 A D 2d 617). The hearing has been held, findings have been made by respondent and respondent's motion is now before this court for disposition. Respondent's motion is granted and the proceeding is dismissed, without costs. At the hearing before respondent neither the prosecution nor petitioner presented any evidence. The record indicates only a colloquy among the court and the respective attorneys. There was no factual showing whatever to indicate prejudice to either petitioner or the people which might result from the future arraignment and trial of petitioner at either a closed or public sitting of the County Court. It cannot be gainsaid that petitioner may, in the first instance, waive his right to a public trial (*Matter of United Press Assns.* v. *Valente,* 308 N. Y. 71, 81–82; *People* v. *Jelke,* 308 N. Y. 56). However, the right to do so is not absolute (*Singer* v. *United States,* 380 U. S. 24), or without control by the court. As stated by Chief Justice Warren in *Singer* v. *United States* (*supra,* pp. 34–35), " The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right. For example, although a defendant can, under some circumstances, waive his constitutional right to a public trial, he has no absolute right to compel a private trial, see *United States* v. *Kobli,* 172 F. 2d 919, 924 ". The power is reserved to the trial court — in the exercise of its sound discretion, and in the light of the facts and circumstances existing in the particular case — to refuse such an application by a defendant if the court concludes that the case is not an appropriate one for exclusion of the public (*Matter of United Press Assns.* v. *Valente,* *supra,* p. 84). In our opinion, no showing has been made that the instant case is an appropriate one for a private arraignment or trial. We reject petitioner's contention that because he has expressly waived his right to a public trial we must abide by his wishes. It is difficult to perceive what prejudice could enure to him at his arraignment where he himself has the choice of entering a plea. Certainly, there is no jury to be influenced by adverse publicity, or otherwise, at this early stage of the proceedings. If at such stage prejudice to petitioner develops, and to the extent that his ultimate right to a fair trial is jeopardized, appropriate procedural remedies will be available to him. If such a situation should develop at the trial, application may be made to the court to exclude the public, which may be granted upon a proper showing (cf. *Matter of Oliver* v. *Postel,* 37 A D 2d 498). It is to be noted that the holding in *Matter of United Press Assns.* v. *Valente* (*supra*) was made, and the language therein employed by Fuld, J. (now Chief Judge Fuld) was used, in a situation where the defendant had complained that the Trial Justice, *sua sponte,* had deprived him of his right to a public trial. Construed in that light, we do not interpret that statement to mean that in all cases the election of a defendant to waive his right to a public trial, *without other considerations,* is binding and conclusive on the court. It is further noted that the holding in *Matter of Oliver* v. *Postel* (*supra*) turned upon the fact that, despite a prior warning to the press to refrain from publication of extraneous, possibly prejudicial, matters concerning the defendant's alleged associations, the press coverage was highlighted by additional publication of the Justice's admonition. There, the Trial Justice, *upon the request of that defendant* and in the exercise of discretion, excluded the public and press in order to purportedly protect that

defendant's right to a fair trial. In both *Matter of Oliver* v. *Postel (supra)* and the case at bar it was the defendants who made the applications, to exclude the public or for a closed arraignment and trial. But there the similarity ends. In *Oliver* there was a basis for closing the trial to the public. In the present case there is no basis at all shown to warrant a closed arraignment and eventual trial some time in the near future. Accordingly, on this record, we see no reason to interfere with the discretion exercised by respondent. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.