DETROIT FREE PRESS v MACOMB CIRCUIT JUDGE

Docket No. 60470. Argued April 11, 1978 (Calendar No. 4).—Decided
    February 5, 1979.

An elementary school teacher was charged with first- and second-
    degree criminal sexual conduct with one of her male pupils.
    During a pretrial hearing on the admissibility of certain state-
    ments made by the accused, the Macomb Circuit Court, Edward
    J. Gallagher, J., granted defense counsel's motion to exclude
    members of the public from the court proceedings, with no
    objection from the prosecution. The Detroit Free Press and its
    reporter assigned to the trial, Ken Fireman, brought an action
    in the Court of Appeals for superintending control against the
    circuit judge, who then adjourned the trial. The Court of
    Appeals, Quinn, P.J., and R. B. Burns and D. E. Holbrook, JJ.,
    dismissed the complaint on the ground that the right to a
    public trial is personal to the accused and may not be invoked
    by a third party (Docket No. 77-3565). The plaintiffs were
    granted immediate consideration of a complaint for superin-
    tending control in the Supreme Court but the circuit court's
    stay of the proceedings in the criminal case was dissolved so
    that the case might proceed to trial before determination of the
    question in the Supreme Court. A closed trial resumed and the
    circuit court found the teacher not guilty. *Held:*

    A trial judge cannot exclude the public and members of the
    press from a criminal trial simply because the defendant re-
    quested it and the prosecutor did not object. There is a statu-
    tory right in the public to attend the sittings of every court
    within this state. The right is not absolute, but it need not be
    decided now what is sufficient cause to exclude the public. Mere
    agreement of the parties is insufficient. In this case no reason
    was offered by the defense for closing the trial, and the judge
    did not inquire whether there were any reasons justifying
    closure nor offer any of his own. The legislative mandate that
    "the sittings of every court within this state shall be public"

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law §§ 257, 259-262.
    75 Am Jur 2d, Trial §§ 33, 42.
    Exclusion of public during criminal trial. 48 ALR 2d 1438-1448.

was disregarded with no apparent justification. At a minimum, the trial court should, at a hearing open to all interested parties, take testimony on the reasons for closing a trial, explore the constitutional and statutory validity of any proffered justifications for exclusion, and determine whether any alternative and less restrictive mechanisms exist. That was not done in this case and, hence, the closing of the trial was improper.

Justice Moody agreed with the result, but disagreed with any implication that there may be sufficient cause to exclude the public under the statute, except in cases involving national security.

Reversed.

### OPINION OF THE COURT

1. COURTS — PUBLIC SESSIONS — NEWSPAPERS.

A circuit judge may not exclude the public and members of the press from a criminal trial simply because the defendant requested it and the prosecutor did not object (MCL 600.1420; MSA 27A.1420).

2. COURTS — PUBLIC SESSIONS.

The Revised Judicature Act entitles the public to attend the sittings of every court; while this right is not absolute, mere agreement of the parties to a suit is insufficient to exclude the public (MCL 600.1420; MSA 27A.1420).

3. COURTS — PUBLIC SESSIONS — MOTION TO CLOSE.

A trial court deciding a motion to close a trial to the public should, at a minimum, at a hearing open to all interested parties, take testimony on the reasons for closing the trial, explore the constitutional and statutory validity of any proffered justifications for exclusion, and determine whether any alternative and less restrictive mechanisms exist (MCL 600.1420; MSA 27A.1420).

### CONCURRENCE BY BLAIR MOODY, JR., J.

4. COURTS — PUBLIC SESSIONS.

*There is not sufficient cause to exclude the public from sessions of a trial court under the Revised Judicature Act, except in cases involving national security (MCL 600.1420; MSA 27A.1420).*

*Kenneth Murray* and *Brownson Murray* for plaintiffs.

*Jerald R. Lovell* for the defendant Macomb Circuit Judge.

*George N. Parris,* Prosecuting Attorney, by *William A. Dardy,* Assistant Prosecuting Attorney, for the defendant Macomb Circuit Judge.

Amici Curiae:

*Richard M. Schmidt, Jr.,* and *Martin J. Gaynes (James R. Cregan, Jack C. Landau,* and *J. Laurent Scharff,* of counsel) for American Society of Newspaper Editors, National Newspaper Association, The Reporters Committee for Freedom of the Press Legal Defense and Research Fund, and Radio-Television News Directors Association.

*Keywell & Rosenfeld* (by *Frederic I. Keywell* and *Donald W. McVay)* for Michigan Press Association.

*Miller, Canfield, Paddock & Stone* (by *Gregory L. Curtner* and *Gillian Steinhauer)* for Panax Newspapers, Inc.

*Robert W. Howes* for State Bar of Michigan Civil Liberties Committee.

*Peter M. Alter* for State Bar of Michigan Committee on Constitutional Law.

LEVIN, J. The issue is whether a circuit judge may exclude the public and members of the press from a criminal trial simply because the defendant requested it and the prosecutor did not object. We hold that a judge may not do so.

Section 1420 of the Revised Judicature Act[1] entitles the public to attend the sittings of every court. While this right is not absolute, we need not now decide what is sufficient cause to exclude the

---

[1] MCL 600.1420; MSA 27A.1420.

public and hold only that mere agreement of parties to a suit is insufficient.

I

An elementary school teacher was charged with criminal sexual conduct in the first and second degrees[2] with one of her male students who was ten years old. At the time of trial the boy was twelve years old.

At a pretrial hearing defendant's lawyer made a motion to exclude all members of the press and public from the hearing and from the subsequent trial. The assistant prosecutor made no objection and the judge granted the motion. The defendant then waived her right to a jury trial.

The same day the Detroit Free Press and the reporter it had assigned to the trial filed a complaint for superintending control with the Court of Appeals. The judge adjourned the trial pending the decision of the Court of Appeals.

The Court of Appeals dismissed the complaint "for the reason that the constitutional right to 'a speedy and public trial by an impartial jury' is a personal right of the accused, and, if waived, may not be invoked by a third party".

The Free Press filed a complaint for superintending control in this Court. We granted immediate consideration but denied the request for immediate relief. The trial thereupon resumed and the judge found the defendant not guilty.

II

The statute provides:

[2] MCL 750.520b and 750.520c; MSA 28.788(2) and 28.788(3).

"The sittings of every court within this state shall be public except that a court may, for good cause shown, exclude from the courtroom other witnesses in the case when they are not testifying and may, in actions involving scandal or immorality, exclude all minors from the courtroom unless the minor is a party or witness. This section shall not apply to cases involving national security." MCL 600.1420; MSA 27A.1420.

The statute was not adverted to by the judge at the time of his decision to exclude the public and press. Nor did the Court of Appeals refer to it in its order.[3]

No reason was offered by defendant for closing the trial.[4] The judge did not inquire whether there were any reasons justifying closure or offer any of his own. The prosecutor did not object to the motion, stating only "the defendant has a right to a public trial, it is within her discretion to waive that right".

We are thus confronted with a situation in

---

[3] "It is further ordered that the emergency application for superintending control be, and the same is hereby dismissed for the reason that the constitutional right to 'a speedy and public trial by an impartial jury' is a personal right of the accused, and, if waived, may not be invoked by a third party."

[4] "*Mr. Trim:* For the record, your Honor, Roger L. Trim, appearing on behalf of the defendant in this matter, * * *. Your Honor, at this point, we would like to ask the court to entertain a motion to exclude members of the public from this trial. We have consulted with our client and it's her wish, and she is certain, her wish, that these proceedings be closed to the general public. [Defendant] has been totally informed, that of course, the right to a public trial is her right to assert, and knowing this, knowing that she has this constitutional guarantee, she has instructed us to request the court to entertain a motion to bar members of the public from this proceeding.

"*Mr. Dardy:* I have no objection to that motion, your Honor.

"*The Court:* That is the only position you have, you have no objection, you're not quarreling with the law?

"*Mr. Dardy:* I agree, that the law is, the defendant has a right to a public trial, it is within her discretion to waive that right.

"*The Court:* Very well. Anyone not involved will remove themselves from the courtroom.

"*Mr. Trim:* Thank you, your Honor.

"*The Court:* The motion is granted. That includes everyone."

which the legislative mandate that "[t]he sittings of every court within this state shall be public" was disregarded with no apparent justification. None of the statutory exceptions permits closing this trial; national security was not involved and excluding the public went beyond the authority to exclude witnesses or minors.[5]

The parties may not, by their mere agreement, empower a judge to exclude the public and press. When a motion for closure is made, the judge should, at a minimum, take testimony at a hearing open to all interested parties, explore the constitutional and statutory validity of any proffered justifications for excluding the public and press from any portion of the trial, and determine whether any alternative and less restrictive mechanisms exist. This was not done here and, hence, the closing of the trial was improper.

Reversed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, FITZGERALD, and RYAN, JJ., concurred with LEVIN, J.

BLAIR MOODY, JR., J. I agree with the result reached in this opinion. I disagree, however, with any implication that there may be sufficient cause to exclude the public under this statute, except in cases involving national security.

---

[5] The statutory right of the public is subject to limitations imposed by the Due Process Clause guaranteeing a defendant in a criminal case a fair trial and by Const 1963, art 6, § 1, vesting the judicial power in one court of justice.

There has been considerable litigation concerning the propriety of excluding the public from trials for reasons other than those stated in comparable statutes. See, *e.g.,* Anno: *Exclusion of Public During Criminal Trial,* 48 ALR2d 1436; Anno: *Right of Accused to Have Press or Other Media Representatives Excluded from Criminal Trial,* 49 ALR3d 1007; Anno: *Propriety of Exclusion of Press or Other Media Representatives from Civil Trial,* 79 ALR3d 401; Fenner & Koley, *The Rights of the Press and the Closed Court Criminal Proceeding,* 57 Neb L Rev 442, 451 (1978).