PEOPLE v SYLVESTER SMITH

Docket No. 78-923. Submitted February 21, 1979, at Detroit.—Decided May 1, 1979. Leave to appeal denied, 406 Mich 996.

Sylvester Smith was convicted of first-degree criminal sexual conduct and of second-degree criminal sexual conduct, Wayne Circuit Court, William Leo Cahalan, J. The defendant appeals, presenting three issues for consideration; 1) that the defendant was denied his right to a public trial by the trial court's exclusion of the public, 2) that the trial court abused its discretion by permitting the prosecution to call a character witness to testify to the reputation of the complaining witness for truthfulness, honesty and veracity, and 3) that it was error for the defendant to be tried at one trial for two separate offenses occurring on different dates. *Held:*

1. The defendant gave his express consent to the exclusion of the public from the proceeding. The defendant may not now have his conviction reversed on this basis.

2. The defendant's cross-examination of the complaining witness placed her reputation for truthfulness in question. Once the witness's reputation for truthfulness was placed in question, evidence of the witness's truthful character was admissible.

3. The two offenses for which the defendant was tried were of the same or similar character and were based on the same conduct. Since it was to the defendant's advantage to be tried but once and since he failed to make a motion to sever, there was no prejudice to the defendant by the joinder of the two offenses at one trial.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 270.

Exclusion of public during criminal trial. 48 ALR2d 1436.

[2] 21 Am Jur 2d, Criminal Law §§ 260-262.

Exclusion of public during criminal trial. 48 ALR2d 1436.

[3] 29 Am Jur 2d, Evidence §§ 341, 342.

81 Am Jur 2d, Witnesses §§ 657, 668.

[4] 75 Am Jur 2d, Trial § 30.

[5] [No Reference]

1. CRIMINAL LAW — CONSTITUTIONAL LAW — PUBLIC TRIAL —
    WAIVER.

    A defendant was not deprived of his right to a public trial where
    1) the defendant was informed of his right to a public trial, 2)
    he was informed that the prosecution had moved that the
    courtroom be closed, and 3) in response to the trial judge's
    questioning the defendant affirmatively indicated his prefer-
    ence for a closed courtroom.

2. CRIMINAL LAW — PUBLIC TRIAL — EXCLUSION OF PUBLIC.

    The parties to a criminal case may not, by their mere agreement,
    empower a trial judge to exclude the public and the press from
    the trial.

3. WITNESSES — EVIDENCE — CHARACTER EVIDENCE — TRUTHFULNESS
    — RULES OF EVIDENCE.

    Evidence of a witness's truthful character is admissible only after
    the character of the witness for truthfulness has been attacked
    by reputation evidence or otherwise (MRE 608[a][2]).

4. WITNESSES — EXPERT WITNESSES — APPEAL AND ERROR — ABUSE
    OF DISCRETION.

    Only where the trial court abuses its discretion in admitting
    testimony does the admission of testimony result in a reversible
    error.

5. CRIMINAL LAW — JOINDER — SEPARATE OFFENSES — SAME OR
    SIMILAR CHARACTER — SAME CONDUCT — RIGHT OF SEVERANCE.

    Separate offenses may be joined for trial if they 1) are of the
    same or similar character or 2) are based on the same conduct
    or on a series of acts connected together; where such offenses
    are joined, the defendant has a right of severance only if he
    files a timely motion objecting to the joinder.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

ALLEN, P.J. Defendant Sylvester Smith was charged with two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), with defendant's 14-year old daughter. In a bench trial held before Wayne County Circuit Court Judge William Leo Cahalan on December 12-13, 1977, defendant was convicted of first-degree criminal sexual conduct in count one, MCL 750.520b; MSA 28.788(2), and second-degree criminal sexual conduct in count two, MCL 750.520c; MSA 28.788(3). On January 25, 1978, he was sentenced to imprisonment for from 15 months to 36 months. Defendant appeals by right under GCR 1963, 806.1, asserting two grounds for reversal. A third ground for reversal surfaced at oral argument.

Before opening arguments, the trial court granted the prosecutor's motion that the courtroom be closed. Trial then proceeded with members of the public excluded from the proceedings. Defendant contends this action violated the statutory proscription of MCL 600.1420; MSA 27A.1420, that the sittings of every court shall be public.[1] Before ruling on the motion, the court advised the defendant of his constitutional right to a public trial and then inquired of defendant and his attorney as follows:

"THE COURT: Now, the prosecutor has made a motion that the courtroom be closed; and Mr. Ryan, you have concurred in that motion; is that right?

"MR. RYAN [defense attorney]: I concur, but that would then include everybody, all but the personnel of the court.

---

[1] "Sec. 1420. The sittings of every court within this state shall be public except that a court may, for good cause shown, exclude from the courtroom other witnesses in the case when they are not testifying and may, in actions involving scandal or immorality, exclude all minors from the courtroom unless the minor is a party or witness. This section shall not apply to cases involving national security."

"THE COURT: Well, that is right. It would not be a public trial.

"MR. RYAN: That's right.

"THE COURT: Now, Mr. Smith, do you understand that?

"DEFENDANT SMITH: Yes, sir, I do, your Honor.

"THE COURT: Do you agree with that?

"DEFENDANT SMITH: Yes, I do, your Honor.

"THE COURT: You have a constitutional right, do you understand, to have this matter conducted so that it would be completely in the open?

"DEFENDANT SMITH: Yes, sir.

"THE COURT: Do you prefer to have this matter conducted in a closed courtroom? Is that correct?

"DEFENDANT SMITH: That's correct.

"THE COURT: We will proceed in that manner."

Testimony in public of defendant's numerous sexual intimacies with his 14-year old daughter would obviously be humiliating and degrading to both father and child. Thus, exclusion of the public from the courtroom was in the best interest of both. Defendant not only failed to object but gave his express consent. Other jurisdictions hold that the right of public trial may be waived either expressly or by the accused's failure to object to an exclusion order. *State v Blake,* 113 NH 115; 305 A2d 300 (1973), *People v Moreland,* 5 Cal App 3d 588; 85 Cal Rptr 215 (1970), Annos: *Exclusion of public during criminal trial,* 156 ALR 265, 294; and 48 ALR2d 1436.

"It is generally held that an accused may waive his right to a public trial, either expressly or by failure to object in due time to the entry of an order of exclusion. It would also seem, from an examination of the cases in which the point is involved, that such waiver may be made either by the accused or by his counsel." 48 ALR2d at 1452.

However, the accused's right to exclusion is not unlimited. While he may bind himself by such waiver he cannot foreclose the public or the media from attending the proceedings should the public or media express a desire to be present. Thus, in *E W Scripps Co v Fulton,* 100 Ohio App 157; 125 NE2d 896 (1955), the news media objected when the court in a pandering trial excluded the public and media from the courtroom. In an action brought by the media to prohibit enforcement of the order the court held:

"The facts in this case show that the defendants waived the right to a public trial in writing. Certainly *they cannot now prosecute error where the court excluded the public at their request.* But the defendants can not waive the right of the people to insist that the proceedings of the courts, insofar as practicable and in the interest of the public health and public morals, be open to public view." *Id.,* 903. (Emphasis supplied.)

Similar holdings are found in *Hansen v Kelley,* 38 App Div 2d 722; 329 NYS2d 609 (1972), *Oliver v Postel,* 30 NY2d 171; 331 NYS2d 407; 282 NE2d 306 (1972), and *Detroit Free Press v Macomb Circuit Judge,* 405 Mich 544; 275 NW2d 482 (1979).

In the *Free Press* case an elementary school teacher was charged with sexual misconduct with one of her male students. At a pretrial hearing, defendant's attorney moved to exclude all members of the press and public from the hearing and from the subsequent trial. When the motion was granted the newspaper and the reporter assigned to the trial filed an application for supertintending control. Our Supreme Court held that the parties "may not, by their mere agreement, empower a judge to exclude the public and press", *id.,* 549. Were the media or the public, rather than the

defendant, the party appealing from the order of exclusion in the case before us, we would be constrained to reverse. But it is only the defendant who asserts error. Defendant may not have it both ways, *viz.*—a private trial which is to his advantage and to which he consented and then complain when the verdict is unfavorable. See also, MacKenzie, *Closed Courtrooms?*, 65 ABA Journal 52 (January, 1979).

The second issue on appeal is whether the trial court abused its discretion by permitting the prosecution to call a character witness to testify to the reputation of the daughter for truthfulness, honesty and veracity. On cross-examination, defense counsel repeatedly sought to establish that the complainant, defendant's daughter, fabricated the entire story and, on a previous occasion, had lied. It was only after this cross-examination that the plaintiff offered the testimony of Diane Denman, a trained psychotherapist who had treated the daughter for some time. Under MRE 608(a)(2), evidence of truthful character "is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence *or otherwise*". In our opinion defendant's cross-examination amounted to an attack on the daughter's reputation for truthfulness and veracity. This being so, evidence of the complainant's truthful character was admissible under MRE 608(a)(2). Defendant's claim that the psychologist was not qualified to testify as an expert is rejected for two reasons. First, the admission of such testimony would be reversible error only if the trial court abused its discretion, and defense counsel did not object to the testimony on grounds of abuse of discretion. Second, defense counsel himself invoked the expert opinion of the psychologist.

The third possible ground for reversal arose during oral argument when defense counsel was asked by a member of this Court whether defendant was tried for two separate offenses occurring on different dates and, if so, whether this was not error. The issue was not raised either at trial or on appeal—a fact which in itself would normally preclude a finding of error.[2] But we need not affirm on waiver alone.

The original warrant charges defendant with two counts of first-degree criminal sexual conduct occurring "on or about from a day between Feb. 1st and March 31st 1976" at 30410 Elmwood, Garden City, Michigan. Count I charged the act of fellatio with the complainant, and count II charged the placing of fingers into the complainant's vagina. Each offense in itself is a violation of MCL 750.520b(1); MSA 28.788(2)(1). Under the ABA Standards Relating to Joinder and Severance, separate offenses may be joined if they "are of the same or similar character" or are "based on the same conduct or on a series of acts connected together". *People v Tobey,* 401 Mich 141, 150; 257 NW2d 537 (1977). Obviously, counts I and II in the instant case refer to the same or similar conduct and are based on the same conduct. When separate offenses of such type are joined, the defendant has the right of severance if defendant files a timely motion objecting to the joinder. *People v Ritchie,* 85 Mich App 463, 468; 271 NW2d 276 (1978). In the instant case, defendant did not wish

---

[2] *Walls v Director of Institutional Services,* 84 Mich App 355, 358; 269 NW2d 599 (1978).

"The defendant at no time objected to the inclusion of these two counts on the same information. He did not object to trial on these counts at the same time. In this state of affairs, it must be held that the defendant waived his right to object to the trial of these issues together." *People v Dexter,* 6 Mich App 247, 252; 148 NW2d 915 (1967).

to go through two trials. Clearly, it was to his advantage to be tried but once. No motion to sever was made. Under these circumstances we find no prejudice to the defendant.

Finally, it does not appear that defendant was prejudiced since he received only one sentence rather than separate sentences, one for first-degree criminal sexual conduct and one for second-degree criminal sexual conduct. *People v Dexter,* 6 Mich App 247, 252; 148 NW2d 915 (1967).

Affirmed.