PEOPLE v GARTH

PEOPLE v COLLINS

Docket Nos. 77-5055, 78-2109. Submitted June 6, 1979, at Lansing.—
Decided November 5, 1979. Leave to appeal applied for.

Anthony Garth and John Collins were charged with breaking and
entering an occupied dwelling with intent to commit larceny
and larceny in a building. Both had previous convictions and
both filed pretrial motions *in limine* to have evidence of their
prior convictions excluded from trial evidence. After a vigorous
discussion at a hearing on the motions the prosecutor finally
suggested that the trial judge allow him to introduce the fact
that defendants had prior unspecified felony convictions. Bay
Circuit Court, John X. Theiler, J., ruled that the prosecutor
could only ask defendants whether they had previously been
convicted of a felony. Neither defendant chose to testify at
trial. Both were convicted of the crimes charged, both appeal,
and their appeals have been consolidated for purposes of re-
view. The question presented is whether a trial judge may
permit the trier of fact to be informed only that a defendant
had committed a prior nonspecified felony rather than allowing
impeachment by evidence of a specifically described prior fel-
ony conviction or completely excluding any evidence of the
conviction. *Held:*

1. Any objection to the prosecutor's compromise suggestion
could result in a ruling that evidence of more prior convictions
specifically described would be admissible. References to un-
specified felonies is prejudicial but reference to a number of
specified felonies could be more prejudicial. Attorneys should
not be faulted for choosing the lesser of two perceived evils for
their clients. Failure to press for complete exclusion of evidence
of a defendant's prior convictions is not a waiver of the issue
for purposes of appellate review.

2. Evidence of unspecified felony convictions should be inad-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 558, 601, 602.
[2-13] 29 Am Jur 2d, Evidence §§ 320, 327, 330.
[9] 29 Am Jur 2d, Evidence § 208.

missible because it invites a jury to speculate on the nature of the crime committed, prevents rational evaluation of the impact of a defendant's past conduct on his credibility and informs the jury that a felon is on trial for yet another felony.

3. The use of evidence of a defendant's prior convictions for impeachment should be decided, not compromised.

4. Evidence of unspecified felony convictions should be inadmissible for impeachment purposes because a jury would have difficulty directing its deliberations where it is denied the facts of a crime and a conviction which are necessary for a rational evaluation of the relationship between felonious conduct and credibility.

5. A defendant is deprived of any opportunity to explain circumstances mitigating the relationship between a prior offense and his or her credibility where evidence of an unspecified prior conviction is used for purposes of impeachment.

6. Supreme Court precedent establishes that trial judges should determine whether the probative value of evidence of specific prior convictions on the issue of credibility outweighs the prejudicial effect of the evidence. Anything less, such as the use of evidence of an unspecified prior conviction for purposes of impeachment, results in an unacceptable compromise with the rule and should not be encouraged.

Reversed and remanded.

V. J. BRENNAN, J., dissents. He would hold that there was no abuse of discretion in affording the defendants a choice of impeachment by evidence of prior convictions described by the general term "felony" or by the specific crimes as long as evidence of the prior convictions was admissible.

## OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — UNSPECIFIED PRIOR CONVICTIONS — ADMISSIBILITY — APPEAL AND ERROR.

Failure to press further for complete exclusion of evidence of a defendant's prior convictions is not a waiver of the issue for purposes of appellate review where defense attorneys may well have feared that any objections to a prosecutor's compromise suggestion that the trial judge allow him to introduce evidence of prior unspecified felony convictions would result in a ruling that evidence of more prior convictions specifically described would be admissible; under such circumstances, attorneys should not be faulted for choosing the lesser of two perceived evils for their client.

2. Criminal Law — Evidence — Prior Convictions — Admissibility
   — Discretion.

A trial judge is required to recognize and exercise his discretionary power in admitting or excluding evidence of a defendant's prior convictions.

3. Criminal Law — Evidence — Unspecified Prior Convictions —
   Admissibility — Credibility — Jury Speculation.

Evidence of an unspecified felony conviction should be inadmissible at trial because it invites a jury to speculate on the nature of the crime committed, prevents rational evaluation of the impact of a defendant's past conduct on his credibility and informs the jury that a felon is on trial for yet another felony.

4. Criminal Law — Evidence — Prior Convictions — Credibility
   — Impeachment — Rights of Accused — Prejudice.

The very difficult questions presented by the use of evidence of prior convictions for impeachment must be decided rather than compromised; this is especially true where evidence of unspecified prior felony convictions is presented to impeach credibility because such unspecified prior convictions say nothing of the conduct that is asserted to bear negatively on the defendant's reliability as a witness while presenting a very substantial possibility of jury speculation and consequent prejudicial impact upon the rights of the accused.

5. Witnesses — Criminal Law — Prior Convictions — Credibility
   — Statutes.

The basic premise underlying impeachment by evidence of a prior felony conviction is that any past felony committed by a witness is to some degree relevant to that individual's credibility (MCL 600.2158, 600.2159; MSA 27A.2158; 27A.2159).

6. Criminal Law — Evidence — Prior Convictions — Credibility
   — Probative Value — Prejudicial Effect — Admissibility
   — Discretion.

The probative value of evidence of prior convictions on the issue of credibility as well as its prejudicial effect varies with the circumstances of each individual case; therefore, a trial court must exercise its discretion to balance probative and prejudicial aspects of prior conviction evidence and if the prejudicial effect outweighs the probative value, the evidence must be excluded from trial.

7. Trial — Criminal Law — Prior Convictions — Admissibility —
   Credibility — Discretion — Prejudice.

A trial court is required to exercise its discretion because it has

the responsibility of controlling trial proceedings so as to aid the trier of fact in ascertaining the truth of the case; where impeachment of a criminal defendant by evidence of prior convictions is at issue, the court must determine whether the jury would profit from the opportunity to have defendant's credibility impeached by the evidence of prior convictions or whether, alternatively, its quest for truth would be stymied if the defendant failed to testify out of fear of the prejudice resulting from evidence of the convictions.

8. CRIMINAL LAW — IMPEACHMENT — PRIOR UNSPECIFIED CONVIC-
   TIONS — ADMISSIBILITY — PREJUDICE.

   Impeachment by evidence of a prior unspecified felony conviction should not be allowed because it does not aid the trier of fact in judging a defendant's credibility while affording a strong potential for prejudice; the trier of fact has no probative evidence to consider and is left with a prejudicially amorphous suggestion that the defendant's past is blameworthy.

9. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVIC-
   TIONS — JURY — INFERENCES.

   An accused person should not be convicted because he is a bad man; therefore, where impeachment of a defendant by evidence of prior convictions is attempted, courts should guard against the possibility of jury inferences that the defendant has a general criminal propensity and is thus more likely to have committed the crime charged.

10. TRIAL — CRIMINAL LAW — INSTRUCTIONS TO JURY — EVIDENCE —
    IMPEACHMENT — PRIOR UNSPECIFIED CONVICTIONS — CREDIBIL-
    ITY.

    Evidence of prior unspecified felony convictions should be inadmissible for impeachment of a defendant because even a properly instructed and well motivated jury would have difficulty directing its deliberation where it is denied the facts necessary for rational evaluation of the relationship between felonious conduct and credibility.

11. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — CREDIBILITY —
    PRIOR CONVICTIONS — PROBATIVE VALUE — PREJUDICE.

    Prior felony offenses evidence of which is used for purposes of impeachment should be specified because, in many cases, the probative value of a prior conviction on the issue of credibility is relatively low whereas the prejudicial effect may be high due to the nature of the crime; failing to specify the offense may lessen the prejudicial impact and probative value but it also

deprives a defendant of any opportunity to explain circumstances mitigating the relationship between the prior offense and his or her credibility.

12. Criminal Law — Evidence — Impeachment — Prior Convictions — Unspecified Prior Convictions — Admissibility — Probative Value — Prejudice.

Judicial reluctance to squarely consider the factors involved in impeachment by evidence of prior convictions should not be encouraged; allowing impeachment by evidence of unspecified prior felony conviction results in an unacceptable compromise because it avoids consideration and determination of whether the probative value of evidence of the specific prior convictions on the issue of credibility outweighs its prejudicial effect.

Dissent by V. J. Brennan, J.

13. Criminal Law — Evidence — Impeachment — Prior Convictions — Trial Strategy — Choice of Impeachment — Discretion.

A defendant, subject to impeachment by evidence of prior convictions, may desire to keep the nature of his prior felonies from the jury; however, as a matter of trial strategy, if disclosure is determined to be more beneficial, there is nothing to impede the defense attorney from bringing to light the exact nature of a prior conviction and, as long as evidence of prior convictions is admissible, there is no abuse of trial court discretion in affording a defendant a choice of impeachment by the general term "felony" or by the specific crime.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas E. Bock,* Assistant Prosecuting Attorney, for the people.

*Lander C. McLoyd,* Assistant State Appellate Defender, for defendants on appeal.

Before: Danhof, C.J., and V. J. Brennan and H. R. Carroll,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

DANHOF, C.J. This case raises one important issue concerning impeachment of a defendant's credibility by evidence of his prior conviction: Rather than allowing impeachment by proof of a specifically described prior felony conviction or completely excluding any evidence of the conviction, may a trial judge in his or her discretion permit the trier of fact to be informed only that the defendant had committed a prior nonspecified "felony"?[1]

Defendants were charged with breaking and entering any occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and larceny in a building, MCL 750.360; MSA 28.592. Both defendants filed pretrial motions *in limine* to have evidence of their prior convictions excluded. Defendant Collins had previously been convicted of attempted receiving and concealing stolen property, while defendant Garth had a prior felony record for carrying a concealed weapon and larceny over $100. The latter conviction was of such recent origin that Garth had not yet been sentenced for it.[2]

At the subsequent hearing on this motion, defense attorneys, prosecutor and trial judge engaged in a vigorous, quite thorough discussion on the relative merits of admitting or excluding evidence of the defendants' prior felony convictions. Among the points raised by the defense attorneys were the prejudicial similarity of two of the prior convictions to the offenses charged and the irrele-

---

[1] Although our opinion addresses only impeachment of criminal defendants by evidence of prior convictions, the same principles would apply to impeachment of any witness. See MRE 609.

[2] The record is not absolutely clear, but Collins was apparently convicted of attempted receiving and concealing stolen property in 1976 and Garth of carrying a concealed weapon in the early 1970's. Defendants' trial took place in 1977.

vance of a concealed weapons offense to defendant Garth's credibility.[3]

Finally, the prosecutor suggested that the trial judge allow him to introduce the fact that defendants had prior unspecified felony convictions along with the dates of those convictions. When asked whether they objected to this suggestion, the defense attorneys assented to it on the condition that the prosecutor exclude any reference to the dates of conviction. The judge accordingly ruled that the prosecutor could only ask defendants whether they had previously been convicted of "a felony". Neither defendant chose to testify at trial, and both were convicted as charged.

We first find that the defense attorneys' failure to press further for complete exclusion of evidence of defendants' prior convictions was not a waiver of the issue for purposes of appellate review. Although the judge had at the time only stated that proof of the concealed weapon offense would be admissible to impeach Garth's credibility, the defense attorneys may well have feared that any objections to the prosecutor's compromise suggestion would result in a ruling that evidence of all three prior convictions, specifically described, was admissible. Under the circumstances, the attorneys are not to be faulted for choosing the lesser of two perceived evils on their clients' part.

We further find that the trial judge recognized his discretionary power to admit or exclude evidence of defendants' prior convictions, *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974),

---

[3] We note that the prosecutor had the burden of persuading the judge regarding the admissibility of evidence of the prior convictions. Insofar as the judge instead required defendants to justify exclusion, he erred in shifting the burden. *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975), *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). However, we do not predicate our decision on these grounds.

and that he sought to exercise that discretion by weighing the probative value of evidence of the prior convictions against their prejudicial effect. Although we commend his efforts, we cannot agree with the solution he reached in this case.

The propriety of allowing impeachment of a witness by evidence of a prior unspecified felony conviction has only recently been addressed by this Court for the first time in *People v Jones,* 92 Mich App 100; 284 NW2d 501 (1979). The defendant in *Jones* was brought to trial in 1977 on four charged offenses including kidnapping, breaking and entering an occupied dwelling with intent to kidnap, assault with a gun and assault with a knife. He also had a prior felony record for second-degree murder in 1967, burglary in 1960 and grand larceny in 1952. The trial judge refused to exclude evidence of the latter two convictions, but ruled that the murder conviction could only be referred to as "a felony" at trial because the jury might otherwise view the conviction as similar to the kidnap charge.[4] This Court on appeal held that the judge abused his discretion in allowing proof of the two property crimes because they were too old to reflect on defendant's credibility at the time of trial.

The *Jones* Court also reversed the trial court's decision to allow proof of the murder conviction as "a felony":

"Proof of an unspecified 'felony' conviction invites a jury to speculate on the nature of the crime * * *. At the very least, proof of the unspecified 'felony' convic-

---

[4] The victim in *Jones* testified that she had admitted defendant to her home and that he thereafter held a knife to her neck while ordering her to leave the house with him, threatened to kill her if she woke her sleeping children, forcibly pulled her from her home, pointed a gun at her several times and drove her to a deserted farm before she managed to convince him to release her.

tion prevents rational evaluation of the impact of the defendant's past conduct on his credibility and therefore cannot serve the sole purpose for which it was to be presented; at the most, it informs the jury that a 'felon' is on trial for yet another felony.

\* \* \*

"[P]resentation of evidence of an unspecified 'felony' conviction for purposes of impeaching the defendant's credibility says nothing of the conduct that is asserted to bear negatively on the defendant's reliability as a witness while presenting a very substantial possibility of jury speculation and consequent prejudicial impact upon the rights of the accused. The very difficult questions presented by the use of evidence of prior convictions for impeachment must be decided rather than compromised; \* \* \*." 92 Mich App at 112, 113.

We agree with this reasoning and conclude that reversal is mandated in this case.

The basic premise underlying impeachment by evidence of a prior felony conviction is that any past felony committed by a witness is to some degree relevant to that individual's credibility. See MCL 600.2159; MSA 27A.2159 and MCL 600.2158; MSA 27A.2158 for the statutory authority condoning impeachment of witnesses' credibility by evidence of a prior conviction. *Cf.,* MRE 609, effective March 1, 1978.

But the probative value of evidence of prior convictions on the issue of credibility as well as its prejudicial effect perforce varies with the circumstances of the individual case. See *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967), and *Luck v United States,* 121 US App DC 151; 348 F2d 763, 767-769 (1965), for discussions of the variables involved. Based on this common

sense consideration and on its interpretation of
MCL 600.2158 and MCL 600.2159, the Michigan
Supreme Court has held that the trial court must
exercise its discretion to balance probative and
prejudicial aspects of the prior conviction evidence.
If the prejudicial effect outweighs the probative
value, the evidence must be excluded from trial.
See *Jackson, supra.*

The purpose of requiring a trial court to thus
exercise its discretion is in keeping with the
court's responsibility to control trial proceedings so
as to aid the trier of fact in ascertaining the truth
of the case. Where impeachment of a criminal
defendant is at issue, the court must often make
the difficult determination whether the jury would
profit from the opportunity to have defendant's
credibility impeached by evidence of prior convic-
tions or whether, alternatively, its quest for truth
would be stymied if the defendant failed to testify
out of fear of the prejudice resulting from evidence
of the convictions. See *Jackson, supra,* at 332-333,
quoting from *Luck,* 348 F2d at 768. See also *People
v Crawford,* 83 Mich App 35, 39-40; 268 NW2d 275
(1978).

We conclude that the procedure employed below,
allowing impeachment by evidence of a prior non-
specified felony conviction, does not aid the trier of
fact in judging a defendant's credibility while af-
fording a strong potential for prejudicing the de-
fendant.

Felony convictions cover a wide range of activi-
ties from advocating polygamy, MCL 750.441; MSA
28.696, through perjury in a court of law, MCL
750.422; MSA 28.664, to felony murder, MCL
750.316; MSA 28.548. Because many felonious ac-
tivities have little if any relationship to veracity, a
prior felony conviction is not in itself a reliable

indication of lack of credibility. Without knowledge of the nature of the felony, the trier of fact has no probative evidence to consider, merely an amorphous suggestion that defendant's past is blameworthy.

*Jones* points out that the vagueness of the term "felony" may lead a jury to speculate as to the nature of a defendant's crime. Perhaps even worse is the possibility of a jury inference that a defendant has a general criminal propensity and is thus more likely to have committed the crime charged. Such an inference is forbidden, *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973), but may be unavoidable. *Cf.,* MRE 404. Even a properly instructed, well motivated jury would have difficulty directing its deliberations where it is denied the facts necessary for rational evaluation of the relationship between felonious conduct and credibility.

As for the prejudice to defendant, in many cases the probative value of evidence of a prior conviction on the issue of credibility is relatively low whereas the prejudicial effect may be high due to the nature of the crime.[5] Failing to specify the offense would measurably lessen the prejudicial impact (as well as the probative value), but would also deprive the defendant of any opportunity to explain circumstances mitigating the relationship between the prior offense and his or her credibility.

In other situations, particularly where the prior conviction is for the same offense as the one charged, the trial court's refusal to allow specific mention of the prior offense would superficially be

[5] This would be particularly true of violent crimes. There are also numerous nonviolent crimes involving socially condemned but not dishonest or fraudulent conduct.

a boon to defendant. But the defendant may nevertheless refuse to testify because the mere mention of a prior felony record is prejudicial. He or she thus foregoes a right because of a trial court decision which actually impedes the truth-seeking function of the jury. In addition, the defendant's constitutional choice to testify or remain silent becomes a strategic guessing game because the jury's reaction to evidence of a prior "felony" conviction is not measurable.

Finally, allowing impeachment by evidence of an unspecified prior felony conviction avoids the very decision which *Jackson* requires trial judges to make: Does the probative value of proof of the specific prior convictions on the issue of credibility outweigh its prejudicial effect? Without impugning the integrity of trial courts, we believe that condoning the compromise reached in this case will encourage judicial reluctance to squarely consider the factors involved in impeachment by evidence of a prior conviction. See the guidelines for the exercise of judicial discretion in *Jackson,* recently reaffirmed in *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979).

Defendants' convictions are reversed. On retrial, the trial judge shall decide whether evidence of the defendants' prior felony convictions should be admitted or excluded. We do not address the other issues on appeal because they are without merit.

Reversed and remanded.

H. R. CARROLL, J., concurred.

V. J. BRENNAN, J. *(dissenting).* I find no abuse of discretion by the trial court regarding his ruling on impeachment by evidence of prior convictions. There is no showing on the record that the trial

court misapplied the factors set forth in *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978).

The majority opinion is concerned with the propensity of the jury to speculate as to the nature of the prior felony committed. Here the majority moves into the realm of trial tactics which is better left to the defendant and his attorney. Trial strategy differs with the circumstances surrounding each case. A defendant may be well advised under certain conditions to keep the nature of his prior felony from the jury. If disclosure is determined to be more beneficial, there is nothing to impede the defense attorney from bringing to light the exact nature of the prior conviction.

Under the practice employed below the defendant had the choice. As long as evidence of prior convictions is admissible, I see no error in affording a defendant a choice of impeachment by the general term "felony" or by the specific crime.

I would affirm.