## PEOPLE v TAYLOR

Docket No. 78-2018. Submitted May 21, 1980, at Detroit.—Decided July 22, 1980. Leave to appeal applied for.

Douglas E. Taylor was convicted of first-degree murder, armed robbery, and felony-firearm in Detroit Recorder's Court, Roy J. Daniel, J. He appeals alleging numerous errors. *Held:*

1. A criminal defendant's demand for an immediate ruling from the trial judge as to whether impeachment by evidence of prior convictions of the defendant would be allowed should be decided immediately by the trial judge. This is to allow the defendant to better determine whether or not to take the witness stand. However, in this case the Court of Appeals was left with the firm impression that defendant would have testified regardless of the trial court's decision. Additionally, defendant did not object to the trial court's reserving its ruling.

2. Appellate review of the trial court's failure to correct *sua sponte* a defendant's misstatement of the nature of his prior conviction is precluded in the absence of a showing of manifest injustice where there was no attempt by the defense to correct the error and there was no request for a curative instruction.

3. The entire text of an exculpatory statement by a defendant made after his arrest was properly excluded at trial as self-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 320, 321, 327.

    75 Am Jur 2d, Trial § 416.

[2] 5 Am Jur 2d, Appeal and Error § 623.

    75 Am Jur 2d, Trial §§ 573-575, 577, 578.

[3] 29 Am Jur 2d, Evidence § 621.

    Admissibility of party's own statement under Rule 801(d)(2)(A) of the Federal Rules of Evidence. 48 ALR Fed 922.

[4] 40 Am Jur 2d, Homicide §§ 7, 486, 529-531.

    75 Am Jur 2d, Trial §§ 876, 877, 878, 881.

[5] 40 Am Jur 2d, Homicide §§ 10, 127, 129, 517.

    75 Am Jur 2d, Trial § 743.

    Modern status of rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

    When intoxication deemed voluntary so as to constitute a defense to criminal charge. 73 ALR3d 195.

serving where it was the defendant who brought out portions of the statement in an attempt to aid his case and the prosecution response was limited to areas raised by the defendant.

4. Failure to instruct the jury on manslaughter, where the defendant is charged with murder, may constitute reversible error where the evidence presented at trial could support a guilty verdict on that charge even though manslaughter is not necessarily a lesser included offense of murder. There was no credible evidence, excuse or justification to mitigate the degree of the offense to manslaughter in this case.

5. A second-degree murder conviction does not require proof of a specific intent to kill, thus there is no error in failing to instruct the jury that intoxication is a defense to second-degree murder.

Affirmed.

1. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — ADMISSI-
BILITY.

A criminal defendant's demand for an immediate ruling from the trial judge as to whether impeachment by evidence of prior convictions of the defendant would be allowed should be decided immediately by the trial judge to allow the defendant to better determine whether or not to take the witness stand.

2. APPEAL — CRIMINAL LAW — ERROR — SUA SPONTE CORRECTION.

Appellate review is precluded in the absence of a showing of manifest injustice where the trial court failed *sua sponte* to correct a defendant's misstatement of the nature of his prior conviction where there was no attempt by the defense to correct the error and there was no request for a curative instruction.

3. CRIMINAL LAW — DEFENDANTS — EXCULPATORY STATEMENTS.

The entire text of an exculpatory statement by a defendant made after his arrest was properly excluded at trial as self-serving where it was the defendant who brought out portions of the statement in an attempt to aid his case and the prosecutor's response was limited to areas raised by the defendant.

4. HOMICIDE — JURY INSTRUCTIONS — MANSLAUGHTER — LESSER
INCLUDED OFFENSES — MURDER.

Failure to instruct the jury on manslaughter, where the defendant is charged with murder, may constitute reversible error where the evidence presented at trial could support a guilty verdict on that charge even though manslaughter is not necessarily a lesser included offense of murder.

5. HOMICIDE — SECOND-DEGREE MURDER — JURY INSTRUCTIONS —
INTOXICATING LIQUORS.

A second-degree murder conviction does not require proof of a
specific intent to kill, thus there is no error in failing to
instruct the jury that intoxication is a defense to second-degree
murder.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Gary Dettloff,* Assistant Prosecuting Attorney, for the people.

*Robert W. Hayden,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and V. J. BRENNAN and S. EVERETT,* JJ.

D. E. HOLBROOK, JR., P.J. Defendant was jury convicted of first-degree murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in commission of a felony, MCL 750.227(b); MSA 28.424(2). Thereafter sentenced to lifetime solitary confinement at hard labor, he appeals as of right.

The victim went to a drug store to purchase gum and cigars for his retirement party the next day honoring 30 years of employment. He was forced back into his car by defendant and a codefendant and driven to a nearby alley where he was found murdered and robbed.

Defendant gave three separate statements, each somewhat different in substance, but all given in full compliance with *Miranda.*[1] The essence of defendant's defense was that (1) he was drunk and didn't know what was happening, (2) he was forced

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Miranda v Arizona,* 384 US 436; 86 S CT 1602; 16 L Ed 2d 694; 10 ALR 3d 974 (1966).

at gunpoint to drive the car by his codefendant, and (3) he had no advance knowledge of the robbery and did not participate in either the robbery or the murder. This version of the facts conflicts with testimony of witnesses that defendant was in the backseat of the car with the victim. Furthermore, the victim's watch and ring were found on defendant during the arrest.

Prior to the presentation of defendant's case, the trial court stated that it was inclined to exclude prior conviction evidence but reserved the right to allow such evidence should it become substantially probative. Defendant did not object to the court's reservation of its ruling. However, he now claims that the trial court abused its discretion by taking under advisement the motion to suppress evidence and by later allowing impeachment.

The facts of the instant case bear close resemblance to *People v Lytal,* 96 Mich App 140; 292 NW2d 498 (1980), in which defendant indicated that he would testify whether or not impeachment by evidence of a prior conviction was permitted. It was held that under such circumstances the decisional process could not have been adversely affected by the judge's reservation to the motion to suppress. There was no indication that he would not have testified had the trial judge immediately ruled that the prior conviction would be admissible for impeachment purposes. A review of the record gives us the firm impression that he would have testified regardless of the trial court's decision. Indeed, he seemed anxious to exonerate himself with his contention that he was coerced by the codefendant.

There may be situations in which a defendant's very decision to testify may be contingent upon whether the trial judge would permit impeach-

ment by evidence of prior convictions. When a defendant demands an immediate ruling so that he may better determine whether or not to take the witness stand, the trial judge should immediately render a decision. In this instance, however, there was no such demand and the reservation of the ruling allowed the trial judge to more carefully consider the probative value versus the prejudicial effect that evidence of the prior conviction would have on the case. The transcript reflects that the trial judge proceeded cautiously with an acute awareness of the factors to be considered in weighing the admissibility of evidence of the prior conviction.

Defendant also claims the trial court erred by failing *sua sponte* to correct defendant's misstatement of the nature of his prior conviction. Defendant testified that his prior conviction was for armed robbery, however his conviction was actually for assault with intent to rob while being armed. There was no attempt by the defense to correct the error and there was no request for a curative instruction. Appellate review is therefore precluded, in the absence of a showing of manifest injustice. *People v Todaro,* 253 Mich 367; 235 NW 185 (1931). There does not appear to be manifest injustice as the error was minimized by the limited purpose for which evidence of the prior conviction was admitted. Defendant testified that the very prospect of the armed robbery caused him to become hysterical. The admission of evidence of a prior conviction for "armed robbery" rendered that claim less credible, but the same effect would have been achieved had evidence of the actual prior conviction of "assault with intent to commit armed robbery" been admitted at trial. Considering the other evidence against defendant, there is

no reasonable possibility that the admission of this testimony resulted in a miscarriage of justice.

Defendant also claims that the rule of completeness entitled him to have the entire text of his statement admitted at trial. That rule only applies where the prosecution offers a part of defendant's statements against him. It was defense counsel who brought out portions of the statement in an attempt to aid his case. The prosecutor's response was limited to areas raised by the defendant. An exculpatory statement by a defendant made after his arrest is properly excluded at trial as self-serving. *People v Hunter,* 69 Mich App 594; 245 NW2d 347 (1976).

The trial court did not err by refusing to instruct the jury on manslaughter. Although manslaughter is not necessarily a lesser included offense of murder, failure to instruct on that alternative may be reversible error where the evidence presented at trial could support a guilty verdict on that charge. *People v Van Wyck,* 402 Mich 266, 268; 262 NW2d 638 (1978). In the instant case, however, there was no credible evidence, excuse or justification to mitigate the degree of the offense to manslaughter.

Defendant's final contention is that the trial court erred by failing to instruct the jury that intoxication is a defense to second-degree murder. His argument fails under *People v Hill,* 94 Mich App 77; 288 NW2d 408 (1979), and *People v Barnard,* 93 Mich App 590; 286 NW2d 870 (1979), where it was held that a second-degree murder conviction does not require proof of a specific intent to kill. See also, *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Affirmed.