PEOPLE v GRATTON

Docket No. 50775. Submitted January 13, 1981, at Detroit.—Decided June 19, 1981. Leave to appeal applied for.

Gerald Gratton was convicted of first-degree criminal sexual conduct, Detroit Recorder's Court, Warfield Moore, Jr., J. He appeals, alleging that the trial court erred in excluding the public during the testimony of the victim, that the trial court abused its discretion in questioning the victim, and that the trial court erred in conditionally ruling that it would allow the admission of evidence of his previous conviction of an unspecified felony for impeachment purposes. *Held:*

1. The trial court properly excluded the public during the victim's testimony under the facts of the case. In addition, the defendant waived his right to a public trial in failing to raise an objection during trial.

2. The trial court properly exercised its discretion in questioning the victim to clarify her testimony or to elicit additional relevant information. Its solicitude toward the victim cannot be interpreted as evidence of judicial partiality. In addition, the defendant failed to raise the issue by timely objection during trial, and it is not preserved for review, no manifest injustice having been shown.

3. The record reveals that the trial court carefully considered and balanced the countervailing factors involved in determining whether to admit evidence of the defendant's conviction of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21A Am Jur 2d, Criminal Law §§ 669, 887.

　75 Am Jur 2d, Trial § 33.

　Right to public trial in criminal case—Federal Cases. 4 L Ed 2d 2128.

　Validity and construction of constitution or statute authorizing exclusion of public in sex offense cases. 39 ALR3d 852.

[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[4] 81 Am Jur 2d, Witnesses §§ 419, 420.

[5] 29 Am Jur 2d, Evidence §§ 320, 321, 327.

　56 Am Jur 2d, Motions, Rules, and Orders § 8.

[6, 7] 29 Am Jur 2d, Evidence § 327.

[7] 29 Am Jur 2d, Evidence § 333.

a prior, unspecified felony for impeachment purposes and expressed awareness of the effect of its introduction on the defendant's decision whether to testify. The court, the prosecution, and defense counsel acknowledged that the defendant's motion to suppress the evidence was premature and that the ruling was not conclusive and defense counsel stated, *sua sponte,* that he would raise the issue at a later time but failed so to do. In addition, the trial court deemed that the probative value of admitting the evidence on the issue of credibility would outweigh its prejudicial effect. However, assuming *arguendo* that the actions of the court constituted error, such error was harmless, there being no possibility that a single juror would have voted to acquit the defendant but for any error.

Affirmed.

Bronson, J., concurred. He would affirm solely on the basis that any error predicated upon the trial court's ruling pertaining to impeachment by evidence of an unspecified felony was harmless. He would hold that it is improper for a trial court to allow impeachment by use of such evidence because it is the nature, rather than the fact, of a prior felony conviction which a jury is to use in its evaluation of credibility.

## OPINION OF THE COURT

1. CRIMINAL LAW — PUBLIC SESSIONS — WAIVER.

   An accused may waive his right to a public trial expressly or by failure to object to the entry of an order of exclusion.

2. CRIMINAL LAW — COURTS — PUBLIC SESSIONS — DUE PROCESS — FAIR TRIAL.

   A trial court, in its discretion and under extraordinary circumstances, may order the exclusion of the public from a criminal trial for a limited purpose and duration where the specific circumstances may be seen to endanger the due-process right to a fair trial.

3. APPEAL — PRESERVING QUESTION.

   An issue not raised during trial by timely objection need not be considered on appeal absent manifest injustice.

4. WITNESSES — CRIMINAL LAW — QUESTIONS BY COURT.

   A trial court may question witnesses in a criminal case in order to clarify testimony or to elicit additional relevant information.

5. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — MOTIONS — CONDITIONAL RULINGS.

   A reservation of a ruling by a trial court on a premature motion

by a criminal defendant to suppress evidence of a prior conviction for a similar crime does not constitute error where the record reveals that the court carefully considered and balanced the countervailing factors involved and expressed awareness of the effect of the introduction of the evidence on the defendant's decision to testify and the court, the prosecution, and defense counsel acknowledged the prematurity of the motion, the ruling was not conclusive, and defense counsel stated, *sua sponte,* that he would raise the motion at a later time but failed so to do.

6. Evidence — Criminal Law — Similar Acts — Impeachment.
    The similarity of a prior offense to a crime with which a defendant is charged does not automatically preclude its admissibility for impeachment purposes but is one factor to be considered by a trial court.

Concurrence by Bronson, J.

7. Evidence — Criminal Law — Impeachment — Unspecified Prior Felonies.
    *It is improper for a trial court to allow impeachment of a defendant by evidence of unspecified, prior felonies; it is the nature, rather than the fact, of a prior felony conviction which a jury is to use in its evaluation of credibility.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Edwards & Edwards,* for defendant on appeal.

Before: V. J. Brennan, P.J., and Bronson and Bashara, JJ.

Per Curiam. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). He was sentenced to a term of from 20 to 30 years in prison. Defendant appeals as of right.

On appeal, defendant raises three issues which we address *seriatim.*

First, defendant contends that the trial court committed error requiring reversal when he cleared the courtroom of spectators during the testimony of the victim, an eight-year-old female. We disagree. The exclusion occurred while the prosecutor was attempting to establish, by the child's testimony, the details of the illicit sexual intercourse. Understandably, the child was nervous, reticent, and lacked the requisite verbal skills to correctly articulate the names of various anatomical organs and acts. The defendant raised no objection to the trial court's decision, rather he limited his request to the victim's mother's being allowed to remain in the courtroom.

The right to complain about an order of exclusion may be waived either expressly or by an accused's failure to object. *People v Sylvester Smith,* 90 Mich App 20, 23; 282 NW2d 227 (1979), *lv den* 406 Mich 996 (1979). Moreover, we are convinced that spectator exclusion for the limited purpose and limited duration found in the instant case falls within the ambits of extraordinary circumstances recognized in both *Detroit Free Press v Macomb Circuit Judge,* 405 Mich 544; 275 NW2d 482 (1979), and *Detroit Free Press v Recorder's Court Judge,* 409 Mich 364; 294 NW2d 827 (1980).

The second issue on appeal is whether the trial court abused its discretion by questioning the eight-year-old victim-witness. Defendant, again, failed to raise timely objection and, hence, absent manifest injustice, the issue need not be considered on appeal. *People v Stinson,* 88 Mich App 672; 278 NW2d 715 (1979). However, considering the issue on its merits, there was no error. A trial court may question witnesses in order to shed light

on something unclear in the testimony or to elicit additional relevant information. *People v Gray,* 57 Mich App 289; 225 NW2d 733 (1975), *People v Ray,* 2 Mich App 623; 141 NW2d 320 (1966). Moreover, we do not interpret the trial court's solicitude toward the child as being evidence of any judicial partiality. Any plausible detriment to the defendant's case was amply rectified by the trial judge's extensive instructions to the jury that he, at no time, intended to convey his own impression of the merits of the case.

Lastly, defendant asserts error in the trial court's conditional ruling pertaining to impeachment by an unspecified felony. In the instant case, defendant previously had been convicted for criminal sexual conduct involving a minor. Defendant initially raised the issue by a motion to suppress evidence of the conviction if he later chose to testify. The record clearly reveals that the trial court carefully considered and balanced the countervailing factors to be considered in making such a determination. The trial court expressed acute awareness that the similarity of the offense might prevent the defendant from testifying in his own behalf. However, and dispositive, the court and both attorneys acknowledged that the motion was premature, the ruling was not conclusive, and defense counsel, *sua sponte,* stated that he would raise it again. He failed to renew the motion and now cannot predicate error on the conditional ruling. *People v Taylor,* 98 Mich App 685, 689; 296 NW2d 631 (1980).

Relatedly, the similarity of the offense did not automatically preclude its admissibility for impeachment purposes. It is only one factor to be considered. *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), *People v Jackson,* 391 Mich 323;

217 NW2d 22 (1974). The trial court's statement that it would allow impeachment by the specified criminal sexual conduct conviction should defendant offer testimony as to his "virtuous" behavior with children is an indication that, at this point, the trial court deemed that the probative value of admitting the evidence on the issue of credibility would outweigh its prejudicial effect. *People v Jones,* 98 Mich App 421; 296 NW2d 268 (1980).

However, assuming *arguendo* that there was any error as to the admissibility of the prior felony conviction, it was harmless. *People v Moseley,* 94 Mich App 461, 465; 290 NW2d 39 (1979), *People v Stein,* 90 Mich App 159; 282 NW2d 269 (1979). We cannot envision a single juror voting to acquit even if this alleged error had not occurred.

Affirmed.

BRONSON, J. *(concurring).* I write separately because I disagree with the majority's analysis concerning the trial court's ruling pertaining to impeachment by evidence of an unspecified felony. In my opinion, it is now settled that to allow impeachment via evidence of an unspecified felony is improper. *People v Jones,* 92 Mich App 100, 113; 284 NW2d 501 (1979), *People v Garth,* 93 Mich App 308, 317-319; 287 NW2d 216 (1979), *lv den* 409 Mich 854 (1980), *People v Vincent,* 94 Mich App 626, 633-634; 288 NW2d 670 (1980), *lv den* 409 Mich 857 (1980), *People v Van Dorsten,* 409 Mich 942; 298 NW2d 421 (1980). As the Michigan Supreme Court said in *Van Dorsten,* "It is the nature, rather than the fact, of a prior felony conviction which the jury is to use in its evaluation of credibility." *Id.*

Additionally, it appears that the trial court's ruling concerning the circumstances under which

the specifics of the prior felony conviction would be admitted constituted a weighing of similarity in favor of admissibility. This is contrary to *People v Baldwin*, 405 Mich 550; 275 NW2d 253 (1979), and *People v Jackson*, 391 Mich 323; 217 NW2d 22 (1974). If the defendant presented testimony showing his "virtuous" behavior, the trial court was prepared to admit evidence of the prior, specified criminal sexual conduct conviction. In other words, the trial court really was not admitting the prior conviction to attack credibility at all. Rather, the trial court would allow evidence of the specified conviction to come in to show the unvirtuous character of defendant. This rationale is specifically prohibited by MRE 404(b).

I vote to affirm solely because I am convinced that the error was harmless.