PEOPLE v. DOZIER

1. Assault and Battery—Felonious Assault—Specific Intent—Defenses—Intoxication.

Felonious assault is a specific intent crime; voluntary intoxication is a defense to felonious assault.

2. Assault and Battery—Intoxication—Instructions to Jury—Felonious Assault.

Erroneous refusal to instruct the jury that defendant's voluntary intoxication was a defense to a charge of felonious assault was harmless error where defendant, charged with assault with intent to murder, was convicted of assault with intent to commit great bodily harm less than murder and the judge properly instructed the jury that defendant's voluntary intoxication was a defense to the charges of the two greater crimes.

Appeal from Shiawassee, Michael Carland, J. Submitted Division 2 January 7, 1972, at Lansing. (Docket No. 11361.) Decided February 29, 1972.

Charles C. Dozier was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald M. Stevens,* Prosecuting Attorney (by *Shirley M. Gagnon*), for the people.

*E. Thomas Fitzgerald,* for defendant.

References for Points in Headnotes

[1] 6 Am Jur 2d, Assault and Battery §§ 51, 59.
[2] 6 Am Jur 2d, Assault and Battery § 69.

Before: LESINSKI, C. J., and McGREGOR and QUINN, JJ.

PER CURIAM. The defendant was arrested and charged with the crime of assault with intent to commit murder. MCLA 750.83; MSA 28.278. Defendant was convicted at a jury trial of the lesser included offense of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279.

The petitioner's main defense was that of intoxication, and he requested and the trial judge gave instructions on voluntary intoxication as a defense to the crimes of assault with intent to commit murder, and assault with intent to do great bodily harm less than murder. The defendant also requested an instruction on the lesser crime of felonious assault.

Although the court instructed the jury on the crime of assault with intent to commit murder, and the crime of assault with intent to commit great bodily harm less than murder, the judge refused to give an intoxication instruction on the lesser crime of felonious assault, holding that it was a general intent crime and, therefore, voluntary intoxication could not vitiate the defendant's *mens rea*.

This was error on the part of the trial judge. In Michigan, the crime of felonious assault is a specific intent crime. In the case of *People v Crane*, 27 Mich App 201 (1970), the defendant was convicted of felonious assault and the court held that "plaintiff concedes that the trial court correctly ruled that felonious assault is a specific intent crime". In discussing whether or not the defendant was entitled to an instruction, this Court held that:

"While the trial judge may properly infer the requisite specific intent to do physical harm from the fact that a dangerous weapon was used, in the instant

case the defendant was, nevertheless, entitled to consideration of his claim that alcohol so overcame his facilities as to negate that finding." *People* v *Crane, supra,* 204.

It must, therefore, be found that the defendant in the instant case was entitled to his requested instruction. In the context of the present case, however, that error was harmless error.

The circuit judge gave proper instructions on the crime of assault with intent to commit great bodily harm less than murder and the requested charge regarding the defense of voluntary intoxication. The jury found the defendant guilty of that charge despite the defendant's defense and the court's instruction on voluntary intoxication. Therefore, the failure to give a like charge on a lesser crime was mere harmless error, where the jury found defendant guilty of the greater crime.

The defendant raises three other issues on appeal, but the record and briefs fail to disclose any reversible error.

Affirmed.