## PEOPLE v BALDWIN
## PEOPLE v WOOLFOLK

Docket Nos. 59977, 60847. Decided February 5, 1979. On application by defendants for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and remanded the cases for new trials. Rehearing denied as to *Baldwin* 406 Mich 1118.

Preston S. Baldwin was convicted by a jury in Wayne Circuit Court, Joseph G. Rashid, J., of assault with intent to do great bodily harm less than murder. The defendant testified, claiming that he had stabbed the victim in self-defense. The trial court, over the defendant's objection, admitted into evidence the defendant's prior convictions of felonious assault and attempted armed robbery for the purpose of impeaching him on the ground that both of the prior crimes were assaultive in nature, like the charged offense, assault with intent to commit murder. The Court of Appeals, Bronson, P.J., and Bashara and Horn, JJ., affirmed (Docket No. 23191). Defendant applies for leave to appeal.

Winston C. Woolfolk was convicted by a jury in Wayne Circuit Court, Joseph G. Rashid, J., of armed robbery. The trial court denied the defendant's motion to suppress evidence of the defendant's prior conviction of unarmed robbery for impeachment purposes. After the motion was denied the defendant chose not to testify in his own behalf. The Court of Appeals, Beasley, P.J., and V. J. Brennan and J. R. McDonald, JJ., affirmed in an unpublished per curiam opinion (Docket No. 29535). Defendant applies for leave to appeal. *Held:*

The danger of permitting impeachment of a defendant's testimony by evidence of his prior conviction is that the jury may not understand that it is to consider the evidence only as it bears on credibility and not as it bears on the defendant's guilt of the crime charged. The trial court in these cases erroneously weighed the nature of the prior crimes (similarity of the prior conduct to the crimes charged) as a factor in *favor* of admissibility. When the prior conviction is for the same or substantially the same conduct as that for which the defendant is on trial, strong reasons arise for excluding the conviction from evidence because of the inevitable pressure on jurors to

believe that "if he did it before he probably did it again". The misapplication of this factor was error.

The judgments of the Court of Appeals are reversed and each case is remanded to the trial court for a new trial at which the trial judge shall decide, under appropriate case law, whether prior convictions should be admitted.

74 Mich App 700; 254 NW2d 619 (1977) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals; and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people in *Baldwin;* and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people in *Woolfolk.*

State Appellate Defender (by *F. Martin Tieber* and *Daniel J. Wright)* for defendant Baldwin.

State Appellate Defender (by *F. Martin Tieber)* for defendant Woolfolk.

PER CURIAM. When the trial judge was asked to exclude defendant's prior conviction, in each case he concluded that the similarity of the prior offense and the one for which the defendant was standing trial was a factor to be weighed in *favor* of allowing impeachment by the previous conviction. We hold that the trial judge misapplied the guidelines we set forth in *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and reverse.

I

Preston Baldwin was charged with assault with intent to commit murder and convicted by a jury of assault with intent to do great bodily harm less than murder in November of 1974. The defendant admitted stabbing the victim, but claimed he acted

in self-defense. Before testifying, he asked the trial judge to exclude evidence of his prior convictions of felonious assault and attempted armed robbery. The trial judge observed that both of the prior convictions were assaultive in nature, like the charged offense, and under *Luck v United States,* 121 US App DC 151; 348 F2d 763 (1965), the similarity of conduct was a factor weighing in favor of admitting the previous crimes. The Court of Appeals affirmed the defendant's conviction in an opinion that did not discuss his impeachment by prior convictions. 74 Mich App 700; 254 NW2d 619 (1977).

Winston Woolfolk was charged with and convicted by a jury of armed robbery in 1976. Shortly after the people rested, the defendant moved to suppress his prior conviction of unarmed robbery.[1] The trial judge denied the motion, citing *Jackson* and *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967), for the proposition that the similarity of the prior conviction and the charged offense is a factor weighing in favor of allowing impeachment by use of the conviction. After the denial of his motion, the defendant chose not to take the stand. In an unpublished opinion, the Court of Appeals affirmed the defendant's conviction and held that the trial judge did not err in denying the motion to suppress because he "expressly recognized that he had discretion to allow or disallow the prior conviction impeachment".

## II

In *Jackson,* we discussed the *Luck* and *Gordon* cases and said that we intended trial judges to be guided in their exercise of discretion in this area by the factors enumerated in those decisions:

---

[1] The record is not clear and it is possible that defendant's prior conviction may have been of attempted robbery.

"Among the factors to be considered are the nature of the prior offense, whether it is for substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions." 391 Mich 333.

The error in these cases occurred because the trial judge weighed the nature of the prior offense (similarity) as a factor in *favor* of admissibility. *Gordon,* rather, makes similarity a factor weighing *against* admissibility:

"A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity." 127 US App DC 347.

The trial judge's misapplications of this factor were error. Pursuant to GCR 1963, 853.2(4), we reverse the judgments of the Court of Appeals and remand each case to the Wayne Circuit Court for a new trial at which the trial judge shall decide, under *Gordon,* whether prior convictions should be admitted.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.