PEOPLE v MOSELEY

Docket No. 78-3390. Submitted March 6, 1979, at Detroit.—Decided
    July 27, 1979.

Robert D. Moseley was charged with and convicted of larceny of
    property with a value in excess of $100. At trial, prior to
    defendant taking the stand, the prosecution announced its
    intention to present evidence of defendant's three prior larceny
    convictions for impeachment purposes. Over defense objections
    that evidence of these prior convictions for the same type of
    offense for which defendant was then on trial would create
    prejudice which outweighed the probative value, the Genesee
    Circuit Court, Thomas C. Yeotis, J., ruled that the prosecution
    could impeach defendant by use of evidence establishing the
    prior convictions. The prosecution presented evidence with
    respect to two of the three prior convictions, voluntarily choos-
    ing not to present evidence as to the third conviction because
    there was a question whether the larceny underlying the third
    conviction would have been a felony in Michigan. Defendant
    appeals. Held:

    1. Although impeachment of a criminal defendant by evi-
    dence of prior convictions for the same type of crime as that for
    which defendant is on trial is not absolutely prohibited, the
    trial court must be sensitive to the special problems associated
    with such evidence and must exercise its discretion in deter-
    mining whether to admit such evidence. Since there were in
    the present case other less prejudicial alternatives, such as
    showing only one conviction or showing that defendant had
    felony convictions of an unspecified nature, it was an abuse of
    discretion on the part of the trial court to permit impeachment
    of the defendant by the use of evidence of two of defendant's
    prior felony convictions for larceny.

    2. Any error arising from the admission for impeachment
    purposes of evidence of defendant's prior felony convictions for
    larceny was harmless error, since the evidence was so over-

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 29 Am Jur 2d, Evidence §§ 320, 321.
[2] 29 Am Jur 2d, Evidence § 253.
[3] 5 Am Jur 2d, Appeal and Error §§ 778, 798.

whelming that, even absent the erroneously admitted evidence, defendant would not have been acquitted.

Affirmed.

N. J. Kaufman, P.J., concurred in the result reached by the Court, but for slightly different reasons than those expressed by the Court. He would hold that the admission of the evidence for impeachment purposes was not error, since there was no indication that the trial court failed to consider all relevant factors in the exercise of its discretion.

## Opinion of the Court

1. Criminal Law — Evidence — Impeachment Evidence — Suppression of Evidence — Prior Criminal Record.

Impeachment of a criminal defendant by evidence of prior convictions for the same type of crime as that for which defendant is on trial is not absolutely prohibited; rather, the trial court must be sensitive to the special problems associated with the use of evidence of prior convictions for the same type of offense and must exercise its discretion in determining whether to admit such evidence.

2. Criminal Law — Evidence — Impeachment Evidence — Prior Criminal Record — Abuse of Evidence.

It is an abuse of discretion for a trial court to permit impeachment of a criminal defendant by the use of evidence of two prior convictions for crimes which are essentially similar to the crime for which the defendant is on trial where other less prejudicial alternatives, such as showing only one conviction or showing that defendant had felony convictions of an unspecified nature, exist.

3. Criminal Law — Evidence — Prior Criminal Record — Harmless Error.

Error in the admission for impeachment purposes of evidence of a criminal defendant's prior convictions for crimes similar to the crime for which defendant is on trial is harmless error where the evidence against defendant is overwhelming.

## Concurrence by N. J. Kaufman, P.J.

4. Criminal Law — Evidence — Impeachment Evidence — Prior Criminal Record — Admission of Evidence.

Admission, for the purpose of impeachment, of evidence of a criminal defendant's prior convictions for crimes similar to the crime for which defendant is on trial does not constitute

*reversible error where there is no indication that the trial
court failed to consider all relevant factors in the exercise of its
discretion.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief, Appellate Division, for the people.

*Douglas J. Callahan,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS
and R. M. MAHER, JJ.

PER CURIAM. Defendant appeals by right from
his jury trial conviction for larceny of property
with a value in excess of $100. MCL 750.356; MSA
28.588. The only issue raised concerns the prosecu-
tion's use of defendant's prior convictions to im-
peach his trial testimony.

Before defendant took the stand, the prosecutor
announced his intention to show three prior lar-
ceny convictions for impeachment purposes. De-
fense counsel argued that to allow impeachment
by evidence of convictions for the same crime for
which defendant was on trial would be more preju-
dicial than probative. Defendant's view was that it
would be impossible for the jury not to infer from
the evidence of prior convictions that defendant
was more likely to have committed the present
offense, an inference which is impermissible as a
matter of law. The trial court ruled in favor of the
prosecution, and the prosecutor inquired about two
of the prior convictions in cross-examination.[1] The
trial court gave the standard instruction on im-

---

[1] The third larceny conviction had resulted from a prosecution in
Illinois, and it was unclear whether that offense would have been a
felony in Michigan. The trial court did not exclude this crime, but
rather the prosecutor voluntarily chose not to use it.

peachment by prior convictions in its charge to the jury. CJI 3:1:08.

Although impeachment through showing a prior conviction for the same type of crime as that for which defendant is on trial is not absolutely prohibited, *People v Townsend,* 60 Mich App 204; 230 NW2d 378 (1975), this type of evidence presents special problems, and trial courts must be sensitive to them. A failure to properly consider the dangers to the fact finding process has caused reversal in several recent cases.

In *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), the Supreme Court reversed the conviction because the trial court weighed the similarity of the prior conviction and the charged offense as a factor in support of admission of this evidence, rather than as a factor pointing to exclusion. In *People v Bennett,* 85 Mich App 68; 270 NW2d 709 (1978), a majority of the panel found a reversible abuse of discretion where the trial court allowed impeachment by evidence of two similar prior offenses when impeachment by other nonsimilar crimes was thought to be sufficient. In *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), this Court reversed because the trial court abused its discretion by refusing to suppress evidence of prior convictions where the trial court recognized that its decision would result in the prohibited inference or in a decision by defendant not to take the stand.

Based on these authorities, we have no doubt that it was error to allow the prosecution to present evidence as to the two prior convictions for essentially the same conduct for which defendant was on trial. Other, less prejudicial, alternatives existed, such as: showing only one conviction, or showing only that defendant had previous felony convictions of an unspecified nature.

In this case, however, the error was harmless. See, *People v Stein,* 90 Mich App 159; 282 NW2d 269 (1979). Given the overwhelming evidence against defendant, we cannot envision a single juror voting to acquit even if the error had not occurred. Defendant was apprehended immediately after the theft. Because of prior losses, the store security people were watching, and defendant was positively identified by several witnesses.

Affirmed.


N. J. KAUFMAN, P.J. *(concurring).* I concur in the result reached by the majority, but do so for slightly different reasons.

The majority correctly note that impeachment by evidence of prior convictions which are similar to the crime for which defendant is on trial is not absolutely prohibited. *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v Townsend,* 60 Mich App 204; 230 NW2d 378 (1975). A trial court is only required to exercise its discretion in light of the guidelines established in *Jackson, supra,* 333, in determining whether or not to permit the impeachment.

In the instant case, the trial judge exercised his discretion before permitting the prosecutor to use evidence of the prior convictions to impeach the defendant. Since there is no indication that he applied the *Jackson* tests in an improper manner, I am not prepared to say that the use of evidence of the two similar convictions is error, while the use of evidence of one similar conviction is not.

I agree, however, that if there was error in this case, it was harmless.