PEOPLE v GRAVES

Docket No. 78-1865. Submitted June 20, 1979, at Detroit.—Decided December 7, 1979.

Gabriel L. Graves was convicted of breaking and entering a place of business with intent to commit larceny therein in Detroit Recorder's Court, John P. O'Brien, J. Defendant appeals alleging that the trial court abused its discretion by denying his motion to suppress evidence of his criminal record and allowing testimony concerning a statement made by the defendant on the night he was arrested. *Held:*

1. The trial court in a criminal action has discretion in deciding whether or not to allow impeachment of a defendant by evidence of prior convictions; but any ruling the court makes is not automatically correct simply because it has been stated on the record that discretion is being exercised.

2. Evidence used for impeachment of a criminal defendant accomplished through reference to convictions of crimes similar to the one being tried should be admitted with caution; the more similar the prior conviction to the offense charged, the greater the amount of caution required.

3. Proof of an unspecified felony conviction for impeachment purposes prevents rational evaluation of the impact of the defendant's past conduct on his credibility and therefore cannot serve the sole purpose for which it was to be presented. At most it informs the jury that a felon is on trial for yet another felony.

4. Rebuttal testimony by the prosecuting attorney directed toward the collateral matter of whether the police officer who took a statement from the defendant was white or black is improper since it does not relate to the refutation of relevant and material evidence.

5. The trial court abused is discretion, rather than truly exercising discretion.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5-7] 29 Am Jur 2d, Evidence §§ 320, 321, 327.

81 Am Jur 2d, Witnesses §§ 569, 581, 594.

[3,7] 81 Am Jur 2d, Witnesses §§ 569-571.

[4] 29 Am Jur 2d, Evidence §§ 250-252, 269.

BASHARA, P.J., dissented. He would affirm the defendant's conviction. The failure of a trial judge to state on the record the balancing of factors in determining whether to allow evidence of a prior felony conviction to be used for purposes of impeachment of a criminal defendant does not necessarily constitute an abuse of discretion. There is no per se rule that evidence of similar convictions can never be used for impeachment. A criminal defendant is not prejudiced when impeached by evidence of prior unspecified felony convictions when defense counsel elicits testimony on direct examination of the unspecified felonies and has further opportunity to bring out the nature of the crimes on redirect examination. He would affirm the conviction.

### OPINION OF THE COURT

1. CRIMINAL LAW — COURTS — IMPEACHMENT — PRIOR CONVICTIONS.

   The trial court, in a criminal action, has discretion in deciding whether or not to allow impeachment of a defendant by evidence of prior convictions, but any ruling the court makes is not automatically correct simply because it has been stated on the record that discretion is being exercised.

2. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — SIMILARITY.

   Evidence used for impeachment of a criminal defendant accomplished through reference to convictions of crimes similar to the one being tried should be admitted with caution; the more similar the prior conviction to the offense charged, the greater the amount of caution required.

3. CRIMINAL LAW — IMPEACHMENT — UNSPECIFIED FELONIES.

   Proof of an unspecified felony conviction for impeachment purposes prevents rational evaluation of the impact of the defendant's past conduct on his credibility and therefore cannot serve the sole purpose for which it was to be presented; at most it informs the jury that a felon is on trial for yet another felony.

4. CRIMINAL LAW — REBUTTAL TESTIMONY — COLLATERAL MATTERS.

   Rebuttal testimony by the prosecuting attorney directed toward the collateral matter of whether the police officer who took a statement from the defendant was white or black is improper since it does not relate to the refutation of relevant and material evidence.

OPINION OF THE COURT

DISSENT BY BASHARA, P.J.

5. JUDGES — CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

The failure of a trial judge to state the balance of factors on the record in determining whether to allow evidence of a prior felony conviction to be used for purposes of impeachment of a criminal defendant does not necessarily constitute an abuse of discretion.

6. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — SIMILARITY.

The similarity of a past conviction to a present charge should not be used as a factor in favor of admissibility of evidence for impeachment of a criminal defendant, but there is no per se rule that evidence of similar convictions can never be used for impeachment.

7. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — UNSPECIFIED CONVICTIONS.

A criminal defendant is not prejudiced when impeached by evidence of prior unspecified felony convictions when defense counsel elicits testimony on direct examination of the unspecified felonies and has further opportunity to bring out the nature of the crimes on redirect examination.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Jerome S. O'Connor,* Assistant Prosecuting Attorney, for the people.

*Sallen, Sallen, Seymour & Sallen,* for defendant on appeal.

Before: BASHARA, P.J., and M. F. CAVANAGH and J. C. DANER,* JJ.

PER CURIAM. Defendant appeals by right from his jury conviction of breaking and entering a place of business with intent to commit larceny therein. MCL 750.110; MSA 28.305.

* Circuit judge, sitting on the Court of Appeals by assignment.

We find that one of defendant's six issues raised on appeal requires reversal and one other deserves mention.

Defendant argues that the trial court abused its discretion by denying his motion to suppress his criminal record. This motion was first made after the prosecution had rested its case in chief. The trial court asked defense counsel what defendant's record was and the following brief exchange ensued:

"MR. HALL: He's on probation to you for uttering and publishing which is an unrelated offense and a B and E on his record several years ago. The Prosecution has introduced nothing regarding that offense as a modus operandi and I would say that's unrelated.

"THE COURT: I think it's a matter within my discretion. Motion denied."

At least a reference to the motion was repeated prior to defendant's taking the stand, but this reference was made by the prosecutor with defense counsel contributing as follows:

"MR. KING [Prosecutor]: Yes, your Honor, and formally, I made a motion to suppress his client's criminal record, it's within my discretion under the appropriate case law.

"MR. HALL [Defense Counsel]: I believe that's People versus Jackson.

"THE COURT: Right, there are a line of cases ending with People versus Jackson and that motion is denied.

"Bring them out."

It is by now well established that the trial court has discretion in deciding whether or not to allow impeachment of a defendant by evidence of prior convictions. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), MCL 600.2159; MSA 27A.2159. It

has also been recognized that any ruling that the trial court makes is not automatically correct simply because it has been stated on the record that discretion is being exercised. *People v Bennett,* 85 Mich App 68, 71-72; 270 NW2d 709 (1978), *lv den* 405 Mich 835 (1979). Where impeachment of a defendant is to be accomplished through reference to convictions of crimes similar to the one being tried, that evidence should be admitted with caution. The more similar the prior conviction to the offense charged, the greater is the amount of caution required. *People v Green,* 86 Mich App 142, 147; 272 NW2d 216 (1978). In *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), we stated that a true exercise of discretion in deciding questions of this type entails a balancing of the factors prescribed by this Court. *Crawford, supra,* 39. When one considers the trial court's responses reprinted above, especially in light of the fact that one of defendant's prior convictions was for the same crime charged at defendant's trial, it becomes apparent that the trial court did not exercise its discretion in this matter. (The fact that the prosecutor saw fit to move for suppression of evidence of the prior convictions emphasizes that lack of deliberation on the part of the trial court.)

Given the trial court's ruling, defense counsel elicited from defendant on direct examination an affirmative response as to whether defendant had ever been convicted of a crime. Upon cross-examination the prosecutor raised the matter in the following manner:

"Q Have you ever been convicted of a felony before?

"A Yes.

"Q Have you been convicted of more than one felony?

"A Yes.

"Q How many?
"A Two, three."

Two very recent cases in this Court addressed the novel issue of the effect of admitting evidence of a criminal defendant's unspecified "felonies" for impeachment purposes. These cases differ from the present one inasmuch as it was the trial court that decided to refrain from designating what types of felonies the defendants had previously committed. In this case, it was apparently the prosecutor's decision to limit impeachment to mention of "felonies", perhaps because of the identity of the crime charged and one prior conviction. (This inference would be supported by the prosecution's attempt to suppress defendant's prior record.) As the two recent decisions point out, "At the very least, proof of an unspecified 'felony' conviction prevents rational evaluation of the impact of the defendant's past conduct on his credibility and therefore cannot serve the sole purpose for which it was to be presented; at the most, it informs the jury that a 'felon' is on trial for yet another felony". *People v Jones,* 92 Mich App 100, 112; 284 NW2d 501 (1979). *People v Garth,* 93 Mich App 308; 287 NW2d 216 (1979). See also MRE 609. We find, therefore, that the trial court abused its discretion, rather than truly exercising discretion, and that this failure prejudiced defendant so that reversible error was committed.

Our other concern relates to a statement made by defendant after being taken into custody on the night of the offense. The prosecutor explicitly stated that that statement was inadmissible, and accordingly asked defense counsel to waive production of the officer witness who took the statement. Defense counsel complied. Nevertheless, the prose-

cutor opened a barrage of questions on this subject beginning with whether defendant remembered making the statement, which he admitted, and proceeding with the specific questions and answers contained therein. No objection was raised by defense counsel. On redirect examination defendant volunteered that the officer for whom defendant had signed a constitutional rights form was white, not a black officer. In rebuttal, the prosecutor had the officer who procured the statement testify to witnessing defendant sign the statement in order to demonstrate that he was a black officer. Then, in closing, the prosecutor made these remarks:

"Now, the Defendant got up and testified, he testified that he had been convicted of three felonies. I showed him a statement and he denied making that statement and that wasn't his signature and didn't know what officer was involved. That's the reason I called Sergeant Green. Sergeant Green isn't white, he's black, he told you he took that statement and the Defendant signed that statement. You'll have an opportunity to look at that statement."

We have no record established as to the reasons for which defendant's statement could be held to be inadmissible, as defendant alleges it should be. This failure must be ascribed to defense counsel for failing to request a *Walker*[1] hearing before trial, at the time when the prosecutor apparently changed his mind and referred to the statement, or even after judgment was rendered. Moreover, defense counsel was curiously silent when the prosecutor did raise the subject after he had made representations to the contrary. *People v Stephens,*

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

71 Mich App 33, 37-38; 246 NW2d 429 (1976), refutes defendant's allegation, however, in that it holds that absent defense counsel's request, the trial court is not obliged to determine the voluntariness of an accused's extrajudicial statement.

We do feel that the rebuttal testimony directed towards the collateral matter of whether the officer who took the statement was white or black was improper because it did not relate to "the refutation of relevant and material evidence". *People v Bennett,* 393 Mich 445, 449; 224 NW2d 840 (1975). The race of the officer who took defendant's statement is hardly a relevant and material issue in this case, and defendant never denied making a statement as the prosecution contends. The prosecution's attachment of an affidavit to their brief on appeal attesting to the "Afro-American heritage" of the officer in question underlines the purpose of the rule of restricting impeachment to relevant and material issues. But, given defense counsel's failure to preserve this issue, and the likelihood that the rebuttal testimony did not affect the verdict, this error must be considered harmless. *People v Meadows,* 80 Mich App 680, 686-689; 263 NW2d 903 (1977).

Reversed.

BASHARA, P.J. *(dissenting).* I respectfully dissent. The issue presented for determination by this Court is whether an abuse of discretion is shown when a trial judge, in determining whether to allow evidence of a prior felony conviction to be used for purposes of impeachment, fails to state on the record the factors[1] which were enumerated in

---

[1] In *Crawford,* the Court set out the criteria as follows:

"The factors which the judge must weigh in making his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?); (2)

*People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).

The *Crawford* decision never expressly required that the balance of factors must be stated on the record. This view is supported by *People v Roberson,* 90 Mich App 196, 202; 282 NW2d 280 (1979), wherein this Court said:

"Although the trial judge did not discuss the three criteria on the record, we do not read the prior case law as requiring a finding regarding these factors. * * * In the absence of an affirmative misapplication of the three criteria, we are unwilling to presume that the trial judge failed to consider the relevant criteria in admitting the evidence."

Defendant's former felony convictions should be reviewed in light of *Crawford* to determine if the trial judge affirmatively misapplied any of the criteria.[2]

One felony conviction was for uttering and publishing a forged instrument, MCL 750.249; MSA 28.446, a crime relating to truth and veracity. The crime was not similar to the one of which the defendant was accused. I am hard put to say that the trial judge abused his discretion in allowing evidence of that crime.

Defendant's second felony conviction was for

whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a 'bad man' or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?); and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?)."

[2] Since the judge's ruling did not affect defendant's decision to take the stand, this factor will not be discussed.

breaking and entering. This conviction must be weighed as a factor against admissibility because of the similarity with the crime for which the defendant stood accused. *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979). *Baldwin* did not adopt a per se rule that evidence of similar convictions could never be used for impeachment. Rather, the Supreme Court held that the similarity of the conviction could not be used as a factor in favor of admissibility. The record discloses no indication that the trial judge used the similarity as a factor in favor of admissibility. Further, the prior theft is an offense which directly relates to truth and veracity.[3]

As the Supreme Court said in *Baldwin,* quoting from *Gordon v United States,* 127 US App DC 343, 347; 383 F2d 936 (1967):

"[O]ne solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity." 405 Mich 550, 553.

Finally, the majority holds that the defendant was prejudiced by the trial judge's ruling because he was impeached by evidence of unspecified felony convictions. *People v Garth,* 93 Mich App 308; 287 NW2d 216 (1979). The majority notes the crucial distinction between *Garth* and the present case. In *Garth,* the trial judge decided the felonies should be unspecified. Here it was defendant's counsel on direct examination who brought out evidence of the unspecified felonies. Although the

---

[3] Both the Federal and Michigan rules of evidence, in rule 609, allow even misdemeanor convictions to be used for impeachment purposes where theft is involved.

prosecutor on cross-examination never asked the nature of the felonies, defendant's counsel was still free to bring out the nature of the crimes on redirect examination. Apparently defense counsel felt that his client was not prejudiced, since he did not seek to recall his witness.

I would affirm the conviction.