PEOPLE v STARGHILL

Docket No. 45921. Submitted June 4, 1980, at Lansing.—Decided September 2, 1980.

Following a bench trial, defendant, Michael Starghill, was convicted of felonious assault in Recorder's Court of Detroit, Robert L. Evans, J. The trial court held that felonious assault is not a specific intent crime and that, while defendant did not intend to run the victim down with his automobile, he was guilty of felonious assault because he participated in a high risk situation which caused the victim physical jeopardy and placed him in fear. Defendant appeals, alleging that the evidence was insufficient and that felonious assault is a specific intent crime. *Held:*

1. The Supreme Court decision regarding felonious assault and specific intent was released after defendant's conviction. The Court of Appeals declined to apply it to this case. Therefore, for this case, felonious assault is simply a simple assault with a dangerous weapon. A simple criminal assault is either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.

2. A finding of fact by a court sitting in a bench trial is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. The Court of Appeals was not convinced that a mistake had been made.

Affirmed.

1. APPEAL — FINDINGS OF FACT — BENCH TRIAL.

A finding of fact by a court sitting in a bench trial is clearly erroneous when, although there is evidence to support it, the

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 839-845.

[2] 6 Am Jur 2d, Assault and Battery § 2 *et seq.*

[3] 20 Am Jur 2d, Courts §§ 233, 236.

Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

2. ASSAULT AND BATTERY — WORDS AND PHRASES.
   A simple criminal assault is either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.

3. ASSAULT AND BATTERY — FELONIOUS ASSAULT — SPECIFIC INTENT — RETROACTIVE APPLICATION.
   The Supreme Court's holding in *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), need not be given retroactive application in every case.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Michael Lehto,* Assistant Prosecuting Attorney, for the people.

*Maxwell & Sniderman* (by *Brenda J. Maxwell* and *Charles E. Rutledge),* for defendant.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

PER CURIAM. On April 2, 1979, defendant was convicted of felonious assault, MCL 750.82; MSA 28.277, following a bench trial. The charge arose out of a confrontation between police officers and defendant near Olympia Stadium in Detroit. Defendant, leaving a parking space with the police in pursuit, drove forward into a police cruiser and then backed up directly towards a police officer who fired his weapon in self-defense. Defendant presented testimony that his transmission was worn out, causing unexpected "lunging".

The trial court in its decision from the bench on April 2, 1979, found that defendant did not intend

* Circuit judge, sitting on the Court of Appeals by assignment.

to run the officer down with his automobile but, nevertheless, was guilty of felonious assault because he participated in a high risk situation which caused the officer physical jeopardy, placing him in fear. In reaching this decision the court ruled that felonious assault is not a specific intent crime.

On appeal, defendant argues the evidence does not support the court's decision and that felonious assault is a specific intent crime.

Before *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), the weight of authority in Michigan was that felonious assault was not a specific intent crime. *People v Burk,* 238 Mich 485, 489; 213 NW 717 (1927), *People v Jordan,* 51 Mich App 710, 718; 216 NW2d 71 (1974), *People v Rohr,* 45 Mich App 535, 536; 206 NW2d 788 (1973), *People v Richard Johnson,* 42 Mich App 544; 202 NW2d 340 (1972). The cases relied upon by defendant, *People v Dozier,* 39 Mich App 88; 197 NW2d 314 (1972), and *People v Crane,* 27 Mich App 201; 183 NW2d 307 (1970), were anomalous decisions rejected in *People v Rohr* and *People v Richard Johnson, supra.*

*Joeseype Johnson, supra,* held that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of immediate battery to sustain a conviction of felonious assault. 407 Mich 196, 210.

However, *Joeseype Johnson* was decided on October 29, 1979, after defendant's conviction. We decline to apply it retroactively in these circumstances. See *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971). Therefore, we review the trial court's decision under prior law.

Defendant also argues that the evidence does not support the court's findings. We will not re-

verse unless, on the entire record, we are left with a definite and firm conviction that a mistake has been committed. GCR 1963, 517.1, *People v White,* 53 Mich App 51, 55; 218 NW2d 403 (1974), *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

Under prior law, felonious assault was considered a simple assault with the use of a dangerous weapon converting it into a felony. *People v Richard Johnson, supra.* A simple criminal assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery. *People v Sanford,* 402 Mich 460, 479; 265 NW2d 1 (1978).

We are not persuaded that a mistake has been committed in the instant case. The trial court found defendant had the intent required to make out an ordinary assault. We conclude the evidence supports this finding.

Affirmed.