PEOPLE v DIXON

Docket No. 45428. Submitted June 13, 1980, at Detroit.—Decided
    September 3, 1980. Leave to appeal applied for.

    James Dixon was convicted of assault with intent to rob while
    being armed, Recorder's Court of Detroit, Michael J. Connor, J.
    He appeals, alleging the trial court erred in permitting the
    prosecution to impeach him by reference to two prior convic-
    tions, by refusing to suppress evidence of a toy gun taken from
    him at the time of his arrest, and in finding that the prosecu-
    tion exercised due diligence in attempting to locate several res
    gestae witnesses. *Held:*

        1. The trial court's ruling that evidence of defendant's two
    prior convictions could be shown constituted reversible error
    since it did not comply with the requirement of the appropriate
    rule of evidence that the trial court articulate on the record the
    factors it considered in making the determination that the
    probative value of admitting such evidence outweighed its
    prejudicial effect.

        2. Evidence of the toy gun taken from the defendant at the
    time of his arrest was relevant and admissible as reflective of
    his specific intent and as part of the res gestae of the crime,
    even though it was not actually used in the assault.

        3. The prosecutor's failure to produce res gestae witnesses
    was excusable since due diligence was exercised in attempting
    to locate them. Determination of due diligence is entrusted to
    the discretion of the trial court and, absent a clear showing of
    an abuse of discretion, will not be overturned.

    Reversed and remanded.

1. CRIMINAL LAW — IMPEACHMENT OF A WITNESS — PREVIOUS CONVIC-
    TIONS — DETERMINATION BY COURT — RULES OF EVIDENCE.
    For the purpose of attacking the credibility of a witness, evidence

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2] 75 Am Jur 2d, Trial §§ 573, 575.
[3] 81 Am Jur 2d, Witnesses §§ 434, 473.
[4] 29 Am Jur 2d, Evidence § 355.
[5] 63 Am Jur 2d, Prosecuting Attorneys § 27.

that he has been convicted of a crime may be admitted if elicited from him or established by public record during cross-examination, but only if the trial court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination (MRE 609[a][2]).

2. TRIAL — JURY INSTRUCTIONS — CARE IN FRAMING — CRIMINAL LAW.

A trial court should be scrupulously careful in framing its instructions to a jury in a criminal case to refrain from giving the impression that one of the elements of the offense charged has been established as a matter of law.

3. PROSECUTING ATTORNEYS — TESTIMONY OF WITNESSES — RIGHT TO REMAIN SILENT — CRIMINAL LAW.

A prosecutor should carefully instruct his witnesses to refrain from giving any testimony as to a defendant's assertion of his right to remain silent, since deliberate eliciting of such an assertion is offensive to the maintenance of a sound judicial process and constitutes reversible error.

4. CRIMINAL LAW — SUPPRESSION OF EVIDENCE — RELEVANCY — ADMISSIBILITY.

A refusal by a trial court to suppress a toy gun taken from a defendant at the time of his arrest does not constitute reversible error where, although not actually used in the commission of the crime charged, it is relevant and admissible as reflective of his specific intent and as part of the res gestae of the crime.

5. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — FAILURE TO PRODUCE — DUE DILIGENCE — JUDICIAL DISCRETION.

A failure to produce a res gestae witness at a criminal trial may be excused where the prosecutor makes a showing of due diligence in searching for the witness; the determination of due diligence is entrusted to the discretion of the trial court and will be overturned on appeal only where a clear abuse of discretion is shown.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Kim R. Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant was convicted by a jury of assault with intent to rob while being armed, MCL 750.89; MSA 28.284, and appeals of right.

Prior to trial, the defendant moved to suppress evidence of two prior convictions. The court ultimately ruled that evidence of the two prior convictions could be shown if defendant testified, but only as unspecified felonies for impeachment purposes. The ruling was erroneous, *People v Jones,* 92 Mich App 100; 284 NW2d 501 (1979), *People v Garth,* 93 Mich App 308; 287 NW2d 216 (1979).

Accordingly, we reverse the defendant's conviction and remand for a new trial. We note the recent amendment to MRE 609(a)(2), which requires that the trial court place on the record its consideration of the *Crawford*[1] factors.

We suggest to the trial court that, on retrial, it confine its definition of dangerous weapon to CJI 17:4:03, deleting the word "knives". Given the somewhat equivocal character of the pocket knife involved in this incident, and with the abundant (albeit disputed) proof as to the use of the pocket knife, there can be no harm in being scrupulously careful in framing the instructions to refrain from giving the jury the impression that one of the elements of the offense had been established as a matter of law.

We also suggest that the prosecutor carefully instruct his witnesses to refrain from giving any

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978).

testimony as to the defendant's assertion of his right to remain silent in order to avoid any reversible error, *People v Parks,* 57 Mich App 738; 226 NW2d 710 (1975). *Parks* remains as an accurate statement of applicable Michigan law, unless our Supreme Court reexamines principles enunciated in *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), in light of *Jenkins v Anderson,* — US —; 100 S Ct 2124; 65 L Ed 2d 86 (1980).

Defendant also contends that the court reversibly erred by refusing to suppress a toy gun seized from the defendant at the time of arrest. We disagree. Although the gun was not actually used in the assault, it was relevant and admissible as reflective of defendant's specific intent and as part of the res gestae of the crime. *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978). Finally, defendant claims the court erred in finding that the prosecution exercised due diligence in attempting to locate several res gestae witnesses. Failure to produce the unknown bystanders was excusable. *People v Carter,* 87 Mich App 778, 785; 276 NW2d 493 (1979). However, the trial testimony was such that, following remand, the police should make additional efforts to procure the attendance of Manny Wright.

Reversed and remanded for new trial.