PEOPLE v BRADDOCK

Docket No. 48812. Submitted October 8, 1980, at Lansing.—Decided December 5, 1980.

Jessie Braddock was convicted of felonious assault and felony-firearm in the Saginaw Circuit Court, Joseph R. McDonald, J. Defendant appeals, alleging error in the court's failure to instruct the jury that felonious assault is a specific intent crime and in failure to give defendant or his counsel an opportunity for allocution prior to sentencing. *Held:*

1. Defendant was convicted prior to the Supreme Court's ruling in *People v Joeseype Johnson,* 407 Mich 196 (1979), that felonious assault is a specific intent crime. Defense counsel failed to object to the omission in the court's instructions. The Court of Appeals declines to apply the rule in *Joeseype Johnson* to this case.

2. The court rules require that a defendant and his counsel be given an opportunity for allocution prior to sentencing and that such opportunity appear on the record. Failure to comply with that rule requires resentencing.

Affirmed but remanded for resentencing.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT — SPECIFIC INTENT.
    The rule announced in *People v Joeseype Johnson,* 407 Mich 196 (1979), that felonious assault is a specific intent crime has prospective application only.

2. CRIMINAL LAW — SENTENCING — ALLOCUTION — COURT RULES.
    The court rules require that a defendant and his counsel be given an opportunity for allocution prior to sentencing and that such opportunity appear on the record (GCR 1963, 785.8[2], 785.9).

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery §§ 20, 51.
[2] 21 Am Jur 2d, Criminal Law § 530.
    Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

*Derengoski,* Solicitor General, *Robert L. Kaczma-rek,* Prosecuting Attorney, and *Linda Berns Wright,* Appellate Prosecuting Attorney, for the people.

*Gail Rodwan,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

PER CURIAM. On August 12, 1979, defendant was convicted by jury of felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm in the commission of the felony, MCL 750.227b; MSA 28.424(2). Sentenced on October 4, 1979, to six months imprisonment on the felonious assault charge and two years on the felony-firearm charge, defendant appeals of right.

The assault took place after the complaining witness, owner of a Saginaw barber shop, forcefully escorted defendant out the barber shop door for being disorderly. Soon thereafter, defendant returned with a shotgun and fired two shots through the shop window. One shot grazed the complaining witness who was taken to Saginaw General Hospital where the injury was found to be minor. Defendant testified that on the day of the incident he had been drinking heavily, that he aimed his gun at the ceiling of complainant's shop, and that at no time did he intend to injure the complainant. The trial judge's instructions to the jury did not include a statement that felonious assault is a specific intent crime.

The initial question posed on appeal is whether the trial court committed reversible error when instructing the jury on the elements of felonious assault, by failing to specifically state that, in

order to be found guilty, defendant must have had either an intent to injure or an intent to put the victim in a reasonable fear or apprehension of an immediate battery. Defense counsel failed to object to the omission by the trial court.

Prior to *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), felonious assault was not a specific intent crime. *People v Jordan,* 51 Mich App 710, 718; 216 NW2d 71 (1974). In *Joeseype Johnson,* the Supreme Court ruled for the first time that a jury instruction on felonious assault is deficient unless it clearly informs the jury that "there must be an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery". 407 Mich 196, 210. The trial court's instructions referred to intent in defining "a dangerous weapon".[1] But this fleeting reference to intent is hardly the meaningful explanation mandated by *Joeseype Johnson.* Nowhere in the instructions did the court explain intent as specified by the *Joeseype Johnson* memorandum opinion.[2] Consequently, reversible error did occur unless *Joeseype Johnson* is deemed prospective only.

The instant case was tried in August, 1979, and *Joeseype Johnson* was decided ten weeks later on October 29, 1979. Clearly, the trial court did not have the benefit of the *Joeseype Johnson* ruling. The crucial question is whether *Joeseype Johnson*

---

[1] "The manner in which an instrument is used or *intended* to be used in an assault determines whether or not it is a dangerous weapon. If an instrument is used in a manner likely to produce serious physical injury or death, it is a dangerous weapon. It is for you to determine from all the facts and circumstances disclosed by the evidence whether the shotgun in question here was a dangerous weapon." (Emphasis supplied.)

[2] There were three separate opinions in *Joeseype Johnson, viz.:* a memorandum opinion, a concurring opinion, and a dissent. Seven justices signed the memorandum opinion, and at least four justices concurred in every statement of the memorandum opinion.

clarifies existing law and consequently is retroactive in application[3] or whether the holding is only prospective under the principles announced in *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971). On this issue two panels of this Court have come to opposite conclusions. In *People v Starghill,* 99 Mich App 790, 792; 298 NW2d 641 (1980), this Court held:

"However, *Joeseype Johnson* was decided on October 29, 1979, after defendant's conviction. We decline to apply it retroactively in these circumstances. See *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971). Therefore, we review the trial court's decision under prior law."

On the other hand, when faced with the identical issue a different panel of this Court concluded in *People v Szymanski,* 102 Mich App 745, 747; 302 NW2d 316 (1981):

"We agree that *Joeseype Johnson* constitutes a restatement and clarification of previously-existing Michigan case law and is therefore fully applicable to the instant case. No problem of limiting the application of a new rule of law arises under such circumstances. *People v Kamin,* 405 Mich 482, 494; 275 NW2d 777 (1979)."

We are persuaded that the better logic is expressed in *Starghill.* Our conclusion is reinforced by the fact that, in the instant case, no exception was taken at trial to the court's failure to instruct the jury that felonious assault was a specific intent crime. Under such circumstances, it is not necessary to decide whether *Joeseype Johnson* should be given retroactive application.

Finally, we have reviewed the transcript of the

---

[3] See *People v Kamin,* 405 Mich 482, 494; 275 NW2d 777 (1979).

sentencing hearing and agree with defendant that neither defendant nor his counsel were given an opportunity to allocute *prior* to sentencing as required by GCR 1963, 785.8(2) and 785.9. On this point, the brief of the prosecution agrees and states that resentencing is required so that the comments of the defense may be placed on record.

Affirmed as to the convictions and remanded for resentencing.