PEOPLE v SLAGER

Docket No. 48688. Submitted December 8, 1980, at Lansing.—Decided April 21, 1981.

Boyd W. Slager was convicted of felonious assault in the Kalamazoo Circuit Court, Robert L. Borsos, J. Immediately after the jury's verdict, he entered a plea of guilty to a supplemental information charging him as a second offender. Prior to sentencing he moved to withdraw his plea and for a new .trial. These motions were denied and defendant appeals. *Held:*

1. The trial court did not err in failing to instruct the jury that felonious assault is a specific intent crime. The rule to that effect expressed in *People v Joeseype Johnson,* 407 Mich 196 (1979), applies prospectively only.

2. Defendant asserted error because there was an insufficiency of evidence. However, he cited no authority for his claim. Therefore the issue has not been raised on appeal.

3. The court did not abuse its discretion in denying defendant's motion to withdraw his plea. Defendant did not advance any substantial reason for his request or assert his innocence with regard to the prior conviction.

Affirmed.

T. M. BURNS, P.J., dissented. He would hold that *People v Joeseype Johnson* merely clarified existing law and should be applied retroactively. He would reverse.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2] 29 Am Jur 2d, Evidence § 327.
[3] 75 Am Jur 2d, Trial § 876 *et seq.*
[4, 8] 6 Am Jur 2d, Assault and Battery §§ 20, 51.
[5] 5 Am Jur 2d, Appeal and Error § 700.
[6] 5 Am Jur 2d, Appeal and Error § 774.
[7] 21 Am Jur 2d, Criminal Law § 503 *et seq.*
Withdrawal of plea of guilty or nolo contendere before sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 6 ALR Fed 665.
[8] 16A Am Jur 2d, Constitutional Law § 661.
[9] 75 Am Jur 2d, Trial §§ 693, 896.

1. EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF
EVIDENCE.

The rules of evidence prohibit the use of a prior conviction for
impeachment purposes if a period of more than ten years has
elapsed since the date of the conviction or of the release of the
witness from the confinement imposed for that conviction,
whichever is later (MRE 609[b]).

2. CRIMINAL LAW — IMPEACHMENT — UNSPECIFIED FELONIES.

Proof of an unspecified felony conviction for impeachment pur-
poses prevents rational evaluation of the impact of the defen-
dant's past conduct on his credibility and therefore cannot
serve the sole purpose for which it was to be presented; allow-
ance of impeachment by proof of unspecified felony convictions
is error.

3. CRIMINAL LAW — LESSER INCLUDED OFFENSES — MISDEMEANORS —
JURY INSTRUCTIONS.

The court, in any criminal case wherein the charged offense is
punishable by incarceration for more than two years, may not
instruct the jury on lesser included offenses for which the
maximum allowable period of incarceration is one year or less.

4. ASSAULT AND BATTERY — FELONIOUS ASSAULT — SPECIFIC INTENT.

The rule announced in *People v Joeseype Johnson,* 407 Mich 196
(1979), that felonious assault is a specific intent crime has
prospective application only.

5. APPEAL — ISSUES ON APPEAL — CITATION OF AUTHORITY.

A statement of position without supporting citations is insuffi-
cient to bring an issue before the Court of Appeals; a party
may not leave it to the Court to search for authority to sustain
or reject its position.

6. APPEAL — ABUSE OF DISCRETION.

An abuse of discretion occurs where the result is so palpably and
grossly violative of fact and logic that it evidences not the
exercise of will but the perversity of will, not the exercise of
judgment but defiance thereof, not the exercise of reason but
rather of passion or bias.

7. CRIMINAL LAW — GUILTY PLEAS — MOTIONS — WITHDRAWAL OF
PLEAS.

No absolute right to withdraw a guilty plea exists in Michigan;

however, a motion for withdrawal of a guilty plea should be
granted with great liberality when made prior to sentencing.

DISSENT BY T. M. BURNS, P.J.

8. ASSAULT AND BATTERY — FELONIOUS ASSAULT — SPECIFIC INTENT.
   *The rule announced in* People v Joeseype Johnson, *407 Mich 196*
   *(1979), that felonious assault is a specific intent crime applies*
   *retroactively.*

9. COURTS — JURY INSTRUCTIONS.
   *Trial courts are required to instruct the jury concerning the law*
   *applicable to the case.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Gregart,*
Prosecuting Attorney, and *Michael H. Dzialowski,*
Principal Appellate Attorney, for the people.

*Dauden, Tucker & Basch,* for defendant.

Before: T. M. BURNS, P.J., and ALLEN and D. F.
WALSH, JJ.

ALLEN, J. On November 15, 1978, defendant was
convicted by a jury of felonious assault in violation
of MCL 750.82; MSA 28.277. Immediately after the
jury's verdict, defendant entered a plea of guilty to
the supplemental information charing him as a
second offender. Defendant was sentenced on Janu-
ary 8, 1979, to serve three months total confine-
ment, three months in a work release program,
and, thereafter, four and one-half years probation.
Defendant appeals as of right.

Defendant's first claim of error is that the trial
court improperly allowed the use of his prior
conviction for impeachment purposes. As a prelim-
inary matter, MRE 609(b) prohibits the use of
prior convictions "if a period of more than ten
years has elapsed since the date of the conviction
*or* of the release of the witness from the confine-

ment imposed for that conviction, *whichever is the later date".* (Emphasis supplied.) It is undisputed that defendant was released from imprisonment from his prior conviction in 1973. Therefore, no time limit problem exists with the use of this conviction. Although defendant maintains that the trial court abused its discretion in allowing evidence of the prior conviction, a review of the lower court record clearly indicates that the trial court weighed the probative value against the prejudical effect upon the defendant and determined that the probative value exceeded the prejudicial effect. The trial court correctly indicated on the record that the similarity of the prior conviction (second-degree murder) increased its prejudical effect and weighed against admission. Equally correct, the trial court indicated that the prior conviction was probative of defendant's credibility. The trial court exercised its discretion and determined that the probative value exceeded the prejudical effect. We cannot say that the trial court clearly abused its discretion in so doing.

We take this opportunity to address defendant's suggestion that the prosecution be limited to the single question (Have you ever been convicted of a felony?) when using prior convictions for impeachment purposes. Defendant cites the case of *People v Hollis,* 96 Mich App 333; 292 NW2d 538 (1980), in support of his position.[1] *Hollis,* 340, fn 12, does indeed suggest this as a viable alternative. See also *People v Moseley,* 94 Mich App 461, 464; 290 NW2d 39 (1979). However, we believe that *Hollis* and *Moseley* are incorrect in this regard. Michigan

---

[1] Defendant also cites *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). However, *Crawford* does not stand for the proposition that the prosecution be limited to the single question (Have you ever been convicted of a felony?) when impeaching with evidence of prior convictions.

case law is clear in holding that it is error to impeach with evidence of an unspecified felony. *People v Dixon,* 99 Mich App 847; 298 NW2d 647 (1980), *People v Graves,* 98 Mich App 112, 117; 296 NW2d 4 (1980), *People v Vincent,* 94 Mich App 626, 633-634; 288 NW2d 670 (1980), *People v Garth,* 93 Mich App 308, 315-316; 287 NW2d 216 (1979), *People v Jones,* 92 Mich App 100, 113; 284 NW2d 501 (1979).

Defendant's second claim of error is that the trial court erred in refusing to instruct on the lesser included offenses of assault and battery and malicious destruction of property under $100. However, both assault and battery and malicious destruction of property under $100, MCL 750.81; MSA 28.276 and MCL 750.377a; MSA 28.609(1) respectively, are misdemeanors with maximum imprisonment of 90 days, MCL 750.504; MSA 28.772. As such, the trial court properly refused to instruct on either following the Supreme Court mandate of *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), which stated:

"We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

Defendant's citation to *People v Miller,* 406 Mich 244; 277 NW2d 630 (1979), is inappropriate. The sole exception to *Chamblis* created by *Miller* is restricted to allowing a trial court to instruct the jury on a lesser included misdemeanor offense of receiving and concealing property with a value

of $100 or less if the value of the property involved is the only element which separates the misdemeanor from the felony charged. *Miller, supra,* 251. Futhermore, the *Miller* opinion was held to be effective only for trials commencing after May 31, 1979. *Id.*

Defendant next argues that, although he did not request the trial court to instruct the jury that felonious assault was a specific intent crime and although he did not object to the instructions as given, reversal is mandated by the retroactive application of *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), which held that felonious assault is a specific intent crime. The crucial question is whether *Joeseype Johnson* clarifies existing law and consequently is retroactive in application[2] or whether the holding is only prospective under the principles announced in *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971). Different panels of this Court have reached different results. In *People v Starghill,* 99 Mich App 790, 792; 298 NW2d 641 (1980), this Court held:

"However, *Joeseype Johnson* was decided on October 29, 1979, after defendant's conviction. We decline to apply it retroactively in these circumstances. See *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971). Therefore, we review the trial court's decision under prior law."

On the other hand, when faced with the identical issue, a different panel of this Court concluded in *People v Szymanski,* 102 Mich App 745, 747; 302 NW2d 316 (1981):

"We agree that *Joeseype Johnson* constitutes a re-

---

[2] See *People v Kamin,* 405 Mich 482, 494; 275 NW2d 777 (1979).

statement and clarification of previously existing Michigan case law and is therefore fully applicable to the instant case. No problem of limiting the application of a new rule of law arises under such circumstances."

In both *Starghill* and *Szymanski* the issue of specific intent has been raised in the trial court. In *People v Ideis,* 101 Mich App 179; 300 NW2d 489 (1980), and *People v Braddock,* 106 Mich App 11; — NW2d — (1980), the issue of specific intent was not raised in the trial court. The *Ideis* majority opinion concluded that this Court is not precluded from considering the claim of error on appeal and found that *Joeseype Johnson* did not announce a new rule but merely clarified existing law and was entitled to retroactive effect. Judge BASHARA dissented, relying on *Starghill, supra,* for holding that *Joeseype Johnson* should not be applied retroactively.

In *Braddock, supra,* 14, a unanimous panel considered both the *Starghill* and *Szymanski* decisions and held that:

"We are persuaded that the better logic is expressed in *Starghill.* Our conclusion is reinforced by the fact that, in the instant case, no exception was taken at trial to the court's failure to instruct the jury that felonious assault was a specific intent crime. Under such circumstances, it is not necessary to decide whether *Joeseype Johnson* should be given retroactive application."

We believe the *Braddock* decision is correct and adopt its conclusion as our own.

Defendant attempts to raise the issue of insufficiency of the evidence on appeal. While we find the evidence sufficient to support the jury verdict, we need not reach this decision. Defendant has not cited any authority in support of this claim of

error. "A party 'may not leave it to this Court "to search for authority" to sustain or reject its position'. * * * A statement of position without supporting citations is insufficient to bring an issue before this Court." *Kucken v Hygrade Food Products Corp,* 51 Mich App 471, 473; 215 NW2d 772 (1974). See also *Stanek v Bergeon,* 89 Mich App 283; 279 NW2d 296 (1979).

Defendant's last claim of error is that the sentencing court abused its discretion in denying his motion to withdraw his guilty plea to the supplemental information. Defendant made his motion at the sentencing hearing shortly before he was sentenced. After listening to defendant's motion and the prosecutor's comments, the sentencing court denied the motion. In order to have an abuse of discretion, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. *People v Erb,* 48 Mich App 622, 625-626; 211 NW2d 51 (1973). In determining whether there was an abuse of discretion, this Court notes both that motions to withdraw pleas prior to sentencing are considered with great liberality and that there is no absolute right to withdraw such a plea. *People v Price,* 85 Mich App 57; 270 NW2d 707 (1978), *People v Flanagan,* 72 Mich App 613; 249 NW2d 872 (1976), *People v Love,* 72 Mich App 413; 250 NW2d 94 (1976). In the present case, although defendant did move to withdraw his plea shortly before being sentenced, he did not advance any nonfrivolous reasons in support of his motion, nor did he assert his innocence with regard to his prior conviction. Therefore, we cannot perceive any ground upon which to find an abuse of discretion.

Defendant's convictions are affirmed.

D. F. WALSH, J., concurred.

T. M. BURNS, P.J. *(dissenting)*. Respectfully, I dissent. As was stated by this Court in *People v Szymanski,* 102 Mich App 745; 302 NW2d 316 (1981), and in *People v Ideis,* 101 Mich App 179; 300 NW2d 489 (1980), the Supreme Court did not announce a new rule of law in *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979). Rather, the Court merely clarified existing law.

Trial courts are required to instruct the jury concerning the law applicable to the case, see *People v Oberstaedt,* 372 Mich 521, 526; 127 NW2d 354 (1964). The judge erred in this case by not instructing the jury that the crime of felonious assault is a specific intent crime. As a consequence, I cannot vote to affirm defendant's conviction of felonious assault.

The Supreme Court's opinion in *Joeseype Johnson* wholly applies to this case. Because the trial judge's instructions to the jury in this case do not comply with the standards of *Joeseype Johnson,* defendant's conviction of felonious assault should be reversed.