PEOPLE v BAILS

Docket No. 69164. Submitted March 23, 1987, at Detroit. Decided August 10, 1987. Leave to appeal denied, 429 Mich —.

Richard J. Bails was convicted of first-degree criminal sexual conduct following a jury trial in Monroe Circuit Court, James J. Kelley, Jr., J. Defendant's conviction was affirmed by the Court of Appeals in an unpublished opinion on May 6, 1982 (Docket No. 52404) and the Supreme Court denied leave to appeal, 417 Mich 1062 (1983). Defendant subsequently sought and was granted leave by the Court of Appeals for a delayed appeal on the issue whether defendant's constitutional right to a public trial was violated when the trial judge ordered the courtroom doors locked to prevent people from entering or leaving the courtroom while the judge was instructing the jury.

The Court of Appeals *held:*

Defendant's right to a public trial, secured by the Sixth Amendment to the United States Constitution and Const 1963, art 1, § 20, was not violated by the action taken by the trial judge. Defendant's counsel did not object, no one who wished to observe the proceedings was excluded, the trial judge's directive was intended to control distractions to the jury from the increased traffic in and out of the courtroom due to the fact that it was sentencing day, and the closure was limited to the thirty to forty-five minutes it took the trial judge to instruct the jury.

Affirmed.

CONSTITUTIONAL LAW — PUBLIC TRIAL.

A criminal defendant's right to a public trial is not violated by an order of the trial judge closing the courtroom to prevent persons from entering or leaving the courtroom where defense counsel does not object, no one who wishes to observe the proceedings is excluded, and the closure is intended to mini-

REFERENCES

Am Jur 2d, Criminal Law §§ 666 *et seq.*; 876 *et seq.*

Am Jur 2d, Trial §§ 33 *et seq.*

Federal constitutional right to public trial in criminal case—federal cases. 61 L Ed 2d 1018.

mize distractions to the jury while it receives instructions from the trial judge (US Const, Am VI; Const 1963, art 1, § 20).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William D. Frey,* Prosecuting Attorney, and *Nancy M. Feick, Ann L. Nickel* and *Dennis P. Ulrich,* Assistant Attorneys General, for the people.

Richard J. Bails, in propria persona.

Before: WAHLS, P.J., and R. M. MAHER and J. T. KALLMAN,* JJ.

PER CURIAM. Richard James Bails was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). This Court affirmed the conviction in an unpublished opinion decided May 6, 1982 (Docket No. 52404). The Michigan Supreme Court denied leave to appeal. 417 Mich 1062 (1983). Subsequently, this Court granted defendant's application for delayed appeal to determine if the defendant was denied his right to a public trial. The Court called the attention of the parties to *People v Micalizzi,* 223 Mich 580; 194 NW 540 (1923).

A defendant is guaranteed the right to a public trial by the United States Constitution, US Const, Am VI, and the Michigan Constitution, Const 1963, art 1, § 20.

Defendant's trial lasted five days. The fifth day of trial extended into the court's normal sentencing day. Just before giving the jury instructions, the court stated:

Would you please bring in the jurors, Mr. St. Pierre.
Before you do that, if there's anybody here

---

* Circuit judge, sitting on the Court of Appeals by assignment.

concerned with a sentencing, you're free to leave because the doors are going to be locked here for a time. So if you want to leave, leave now.

Okay, bring in the jurors.

The court locked the doors to prevent people from moving in and out of the courtroom on a sentencing day when the increased traffic would have been distracting to the jury. The doors were locked for the thirty to forty-five minutes it took the court to read the instructions. Defendant's counsel was present and did not object. The court did not specifically exclude anyone who wished to observe. Some observers remained in the courtroom. The court's directive was not to exclude the public, but to control courtroom distractions.

In discussing a defendant's right to a public trial under the Sixth Amendment, the United States Supreme Court has made the matter of the accused's objection a pivotal point. *Waller v Georgia,* 467 US 39; 104 S Ct 2210; 81 L Ed 2d 31 (1984). If an objection had been made, other alternatives could have been considered. Given the lack of an objection, the short period the courtroom doors were locked, and the court's motive for ordering the closure, this Court finds the defendant's Sixth Amendment right to a public trial was not violated. See *People v Sylvester Smith,* 90 Mich App 20, 23; 282 NW2d 227 (1979), lv den 406 Mich 996 (1979).

*People v Micalizzi, supra,* p 581 involved the following facts:

[B]efore the judge charged the jury, one of the court officers announced that those desiring to leave should do so as the doors were to be locked; that both doors of the court room, one leading to the corridor and the other to the clerk's office, were locked and remained locked during the

charge, and that one of the defendant's attorneys and others were refused admission to the court room. It was also made to appear that there were plenty of vacant seats in the court room. Except by inference it was not made to appear that this course was taken by the order of the court.

The *Micalizzi* Court found the defendant's right to a public trial had been violated and a new trial was ordered. This Court finds *Micalizzi* distinguishable on its facts. To bar one of the defendant's attorneys and others who sought admission from the courtroom was obviously a violation of the defendant's right to a public trial. In the case before this Court, there is no evidence of anyone being excluded from the courtroom. We are not persuaded that the defendant's right to a public trial under the Michigan Constitution was violated.

Even if this Court were persuaded that an error occurred, we would not order a new trial. We would find any error to be harmless beyond a reasonable doubt. The United States Supreme Court has stated:

> [I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless error analysis. [*Rose v Clark,* 478 US —; 106 S Ct 3101, 3106-3107; 92 L Ed 2d 460 (1986).]

We would not hesitate to apply the harmless error analysis in this situation. A new trial is not in order because no miscarriage of justice occurred, MCL 769.26; MSA 28.1096.

Affirmed.